INHABITANTS OF LANCASTER *vs.* COUNTY COMMISSIONERS OF WORCESTER.

The power conferred by St. 1872, c. 262, in relation to the alteration of railroad crossings, is confined to alterations in the approaches to, or in the "method of," a crossing within the limits of the existing highway.

PETITION, filed at April term, 1873, for a writ of *mandamus* to the county commissioners of the county of Worcester. The petition alleged that there was a public highway in the town of Lancaster, leading from South Lancaster to the town of Clinton ; that the railroad of the Worcester & Nashua Railroad Company crossed the highway within the limits of the town of Lancaster ; that the selectmen of Lancaster, being of opinion that it was necessary for the security and convenience of the public that the approaches to the crossing should be altered, presented a petition to the county commissioners, setting forth the facts, and praying the commissioners, on due notice to all parties interested in the premises, to decide what alteration in the approaches and method of crossing was necessary, and to prescribe the manner and limits within which it should be made, and to certify their decision in the matter to the parties, and to the board of railroad commissioners in accordance with the provisions of St. 1872, c. 262, § 1 ; that a hearing having been had upon due notice given to the railroad company and all parties interested, the commissioners found and adjudged that it was necessary for the security and convenience of the public that the location of the highway mentioned in the petition should be changed and altered at the crossing of the railroad, and that the new location of the road should be crossed by the railroad about fifty feet distant from the former crossing, and that it was necessary for the security and convenience of the public that the approaches to and method of the crossing should be altered, and that a new railroad bridge should be constructed over and across the new location and wholly outside of the former location of the highway, the new location and bridge to take the place of the former location ; and that they declined to adjudicate further in the premises, or to prescribe the manner

and limits within which the changes and alterations found to be necessary should be made, or to certify their decision in the matter to the parties and the railroad commissioners, and ordered the petition to be dismissed, for the only reason that, in their opinion, the changes and alterations by them found necessary were not within the provisions of St. 1872, c. 262, and that these facts appeared on the record of their proceedings upon the petition.

Wherefore the petitioners prayed that a writ of *mandamus* might be ordered to issue, requiring the county commissioners to entertain the petition, and to proceed and prescribe the manner and limits within which the alteration and changes should be made, and forthwith certify their decision in the matter to the parties and to the railroad commissioners.

The respondents in their answer admitted that the application correctly sets forth their proceedings, but claimed that under St. 1872, c. 262, they were not authorized to grant the prayer of the petition.

The case was reserved by *Wells*, J., for the consideration and decision of the full court upon the petition and answer.

*P. E. Aldrich*, for the petitioners.

*T. L. Nelson & H. B. Staples*, for the respondents.

COLT, J.  The county commissioners are required by St. 1872, c. 262, upon the application of the selectmen of any town, or the mayor and aldermen of any city, or the directors of any railroad corporation, to prescribe the manner and limits within which the " approaches to or method of " any railroad crossing shall be altered so as to secure the safety and convenience of the public.

In the case before us, the county commissioners, upon an application by the selectmen of Lancaster under the statute, after a full hearing decided that the public safety and convenience required that the location of the highway at the crossing in question should be changed so as to cross the railroad at a point fifty feet distant from the existing crossing by a new way and railroad bridge constructed wholly outside of the present location, which should take the place of the existing bridge at the present location of the highway.  And as all the evidence in support of the application was confined to the change of location above stated,

they thereupon ordered the petition to be dismissed, assigning as a reason that in their opinion the changes found necessary do not come within the provisions of the St. of 1872. The only question raised by this petition for a *mandamus* is whether the construction adopted by the commissioners is the true construction of the act.

It is insisted by the petitioners that the Legislature intended to provide for a class of cases not before included in any of the provisions of the statutes; and that unless authority to make alterations outside the located limits of the highway is given, then nothing is added to the previous legislation on the subject. In the absence of any express power given, authority is claimed to be conferred by necessary implication. There would be weight in the consideration if, as claimed, the act were otherwise without meaning.

Under the provisions of Gen. Sts. c. 63, §§ 53, 54, which were expressly repealed by the St. of 1872, the county commissioners, on the application of the mayor and aldermen of any city or the selectmen of any town, might order a highway to be raised or lowered, so as to pass over or under the railroad, at the sole expense of the railroad corporation. If the commissioners refused so to order, the cost of the application must be paid by the petitioners. There was no existing provision by which the expense of any proposed alteration could be equitably apportioned between the railroad corporation and the town or county, or assigned to either party as justice might require. Nor was there any law by which the directors of the railroad corporation could initiate these proceedings, if the municipal authorities declined or neglected so to do. These features appear for the first time in the St. of 1872, and are important changes in the law. It gives to railroad directors the power to require the action of the county commissioners on a question of vital importance to the safety of that part of the public who travel by railway; and by the provision for placing the expense of the alteration in the road upon the party or parties by whom it should in justice be borne, it introduces an element which must have a direct bearing upon the question of public convenience and necessity; and this must al

ways be considered with reference to the expense of the proposed alteration and the party who is to bear it.

The construction given to the act by the county commissioners does not take away its meaning or render its provisions inconsistent. The alteration which they have the power to order must be made within the limits of an existing highway crossing, and must be confined to the "approaches to or method of such crossing." It cannot be extended by implication to the construction of a bridge at a crossing established on a different location, with the laying out of a new way to conform to it, and the discontinuance of the old one. *Petition dismissed.*