MARY CARTER *vs.* BOSTON & PROVIDENCE RAILROAD CORPORATION.

Suffolk.   Nov. 17, 1884. — June 24, 1885.   FIELD & COLBURN, JJ., absent.

A railroad corporation is liable for an injury caused by a defect in a highway which is an approach of a bridge over its railroad, although the defect is outside of the approach as it existed when the bridge was originally constructed, but within the approach as widened since the construction of the railroad.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in Hyde Park, alleged to be an approach of a bridge over the defendant's railroad, which the defendant was bound to keep in repair. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that River Street in Hyde Park, where the accident occurred, was formerly a narrow country road, leading from Dorchester to Dedham; and that, when the railroad was built, it crossed River Street at the foot of a hill through an excavation in the side of the hill, so that it became necessary to carry the road over the railroad by a bridge. The general direction of the railroad at the crossing is north and south, and the general direction of the highway is east and west. The original bridge

was twenty feet wide, and at a later period was widened to thirty feet; and it was admitted that the bridge so widened belonged to the defendant. The highway, which formerly passed through a sparsely settled farming country, was, at the time of the accident, a street fifty feet wide, in the midst of a town of eight thousand inhabitants. The evidence tended to show that the accident occurred on the west side of the railroad, and on the south side of the highway, at a point within the location of the railroad, and within the highway as widened since the construction of the railroad, but outside the highway as it existed when the railroad was originally built. The bridge as it existed at the time of the injury was on the north side of the highway, and was only thirty feet wide. The railroad, as constructed within the location of the highway, was much narrower than it was northerly and southerly of the highway. From the point where the south line of the highway struck the west line of the railroad, a fence extended to the southwest corner of the bridge, and the highway was worked and travelled up to that fence. On the other side of the fence was a steep bank sloping down to the railroad track.

It appeared that the fence was built by the defendant, and had originally rested on the surface of the ground, but that, at some period since its construction, earth had been piled up on the highway against the fence to the depth of from eighteen inches to two feet, making a sidewalk to the highway. The defect which caused the plaintiff's injury was a hole in this sidewalk close to the fence, caused by the sliding out, under or through the bottom of the fence, of the sidewalk material. The defendant offered evidence tending to show that this material, above the level of the bottom of the fence, had been put on the highway by the town.

The plaintiff's evidence tended to show that, when the bridge was originally constructed, it was higher than the original level of the street on the west side of the railroad, and, at the time of the injury, was somewhat higher; and that an approach to the bridge had been constructed by the defendant by elevating the highway above its normal level. The defendant offered evidence tending to show that, long subsequently and after the widening of River Street, other streets, called Gordon Avenue and Business

Street, had been opened into River Street, on the west side of the railroad, close to the bridge; that a town hall had been built at the junction of Gordon Avenue and River Street, opposite the west end of the bridge; and that the whole square formed by the junction of these three streets had been raised in grade and levelled by the town authorities as far as the bridge.

The defendant asked the judge to instruct the jury as follows: "1. The plaintiff cannot recover, unless the jury find that the place where the injury happened was within the original approach to the bridge as originally constructed. If, after the construction of the bridge and approaches, the highway was widened, the burden of maintaining the additional width of highway would belong to the town, and not to the railroad company. 2. If the county commissioners or the selectmen, after the bridge and its approaches were built, widened the highway over the bridges and approaches, such widening would not impose upon the railroad company the duty of building or maintaining the additional width of the highway or bridge."

The judge declined to rule as requested, and, among other things, instructed the jury as follows: The statute requires that a railroad corporation shall maintain and keep in repair all bridges, with their approaches and abutments, which it is authorized or required to construct over or under a highway. If a highway is authorized to cross a railroad already in existence, the county, city, or town, as the case may be, must maintain and repair the bridge or other structure necessary for convenient crossing; but if the highway existed when the railroad was located, this duty is devolved on the railroad corporation. The obligation of the defendant corporation to construct and maintain the bridge and its approaches is to be determined with reference to the highway as a unit. If the highway existed prior to the railroad, the duty of maintaining the bridge, its approaches, and abutments, was devolved on the railroad corporation, and the subsequent widening of the highway would not remove or divide the duty. If the plaintiff's injury was received from a defect in the approach to the defendant's bridge from any portion of the highway as it existed at the time of the injury, the defendant corporation is responsible.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. Putnam & T. Russell*, 2d, for the defendant.

*J. E. Cotter*, (*C. F. Jenney* with him,) for the plaintiff.

W. ALLEN, J. The bridge belonged to the defendant, and was one which it was "authorized or required to construct;" the defendant was, therefore, required to keep the approaches of the bridge in repair. The defect of which the plaintiff complains was in the approach of the bridge, but outside of the approach as it was when the bridge was originally constructed. Both the bridge and the road had been widened; the former by the defendant, the latter by the public authorities. The defendant contends that its obligation to keep the approaches in repair is limited to the approaches as they were at the time of the construction of the bridge, and does not attach to an extension of them caused by the widening of the road.

It does not appear what the connection was, if any, between the widening of the bridge and of the road. For aught that appears, the road was widened in order to give an approach to the added part of the defendant's bridge. This, however, is not material, because it is clear that the defendant was required to keep in repair the widened approach to the bridge, although the bridge itself was not widened. Whatever constituted, at any time, the approaches of the bridge, the defendant was bound to keep in repair.

The defendant relies upon the provision of the statute, that, if a highway is laid out across a railroad after it is constructed, the expense of constructing and maintaining the highway at such crossing shall be borne as in the case of ordinary highways. But that obviously refers to the laying out of a new highway, and does not apply to the widening of an existing way. If there could be any doubt upon the construction of the provisions as compiled in the St. of 1874, *c.* 372, § 95, and in the Pub. Sts. *c.* 112, § 128, an examination of the earlier statutes would remove it. See Rev. Sts. *c.* 39, §§ 69, 72; Sts. 1846, *c.* 271; 1857, *c.* 287, §§ 1, 4; Gen. Sts. *c.* 63, §§ 47, 57, 61. See also Pub. Sts. *c.* 112, §§ 119, 120.

As the bridge belonged to, and was maintained by, the defendant, no change in its approaches caused by widening the

highway could relieve the defendant of its obligation to maintain them, unless indeed the alteration of the crossing were such as to come within the provisions of § 129 of the chapter last cited.                                    *Exceptions overruled.*