BOSTON AND LOWELL RAILROAD CORPORATION *vs.* IN-
HABITANTS OF WINCHESTER.

Middlesex.   March 2, 1892. — May 6, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Jury to revise Award — Railroad Crossing — Apportionment of Cost.*

The judge who presides at a trial by a jury to revise and determine matters of fact in an award under the Pub. Sts. c. 112, §§ 129–134, St. 1882, c. 135, and St. 1885, c. 194, should allow the jury to hear all the competent evidence, and instruct them upon such pertinent principles of right and justice as either party may desire him to call to their attention. He need not lay down any specific rule of award or apportionment, because none has been ordered by the Legislature.

Where the whole duty of a jury in revising the award of a special commission under the Pub. Sts. c. 112, §§ 129–134, St. 1882, c. 135, and St. 1885, c. 194, was to apportion between a railroad company and a town the cost of the alteration of a crossing, it was *held* immaterial upon whose petition the changes were ordered, and whether the result sought could have been obtained without altering the crossing.

A charge to a jury empanelled to revise the award of a special commission apportioning the charges of the alteration of a railroad crossing, that the parties should pay for the benefits respectively received, is correct.

BARKER, J.   The jury were empanelled to revise the award of a special commission apportioning the charges of the alteration of the crossing of the Boston and Lowell Railroad and Swanton Street in Winchester, under the provisions of the Pub. Sts. c. 112, §§ 129–134, as modified by the St. of 1882, c. 135, and the St. of 1885, c. 194.   No appeal was claimed under the St. of 1882, c. 135, but the town applied to the Superior Court for a jury to revise and determine the matters of fact found in the second item of the award, which required the town to pay to the railroad corporation the sum of three thousand dollars and the land damages, and to bear the future charges of keeping the approaches of the bridge in repair.

Swanton Street was a town way laid out after the construction of the railroad, which it crossed by an overhead bridge of wood, supported upon abutments and posts within the location of the railroad.   The bridge needed rebuilding, and the railroad corporation desired such alterations as would free its location from the abutments and supports, and allow the use of its whole territory for tracks.   The wooden bridge was replaced with one of iron, longer, higher, and wider than the old, and supported upon abutments placed outside the railroad location.   The approaches were also widened and lengthened.   The whole expense of these alterations, with interest to the time of the trial, was about twenty-five thousand dollars.   The railroad corporation had made the alterations and paid the land damages, and a form of verdict was agreed upon by which the only question submitted to the jury was as to the amount to be paid by the town to the railroad corporation.   The proceedings for the alterations were commenced by a petition of the directors of the railroad corporation.   The questions raised by the exceptions are whether the facts that the town appeared at the hearing before the county commissioners and opposed any alteration of the bridge, and submitted a plan by which it was claimed that all the objects of the railroad corporation could be obtained without any alteration of the bridge, were admissible in evidence at the trial by the jury; whether the burden of proof at the trial was upon the railroad corporation; and whether the presiding justice erred in his instructions to the jury as to the rules which should govern them in making the apportionment.

Without examining in detail the previous statutes regulating this general subject, it is sufficient to say that before the adoption of the St. of 1872, c. 262, there was no method of apportioning the charges of such alterations between railroad corporations and the public agencies charged with the construction and repair of ordinary roads. As stated by Chief Justice Gray, in the opinion of this court in the case of the *Boston & Albany Railroad* v. *County Commissioners*, 116 Mass. 73, 79, the manifest objects of the changes adopted " were, that, as an inconvenient crossing might injuriously affect the public travel on the railroad as well as that upon the highway, the officers of the railroad corporation should have the same right as the municipal authorities of the city or town in which the crossing was situated to apply directly to the county commissioners for a remedy ; and that, as it might be inequitable to charge upon the railroad corporation in all cases the expenses of alterations which might be wholly or in part demanded by the exigencies of the travel on the highway, (increased perhaps by the benefits derived to the neighborhood from the establishment of the railroad,) those expenses might be imposed and distributed upon and between the railroad corporation and the city, town, or county, as justice might require."

It is for the Legislature to determine where such burdens shall rest, and it may delegate their apportionment without prescrib. ing a definite rule upon which it shall be made. *Kingman, petitioner*, 153 Mass. 566, and cases cited. The Legislature prescribed no rule to be followed in making the award which the jury in the present case were called upon to revise, except that the county and any other town or city than the one in which the crossing was situated might be omitted from the apportionment, if it seemed just so to do; Pub. Sts. c. 112, § 131 ; St. 1885, c. 194, § 4; and the sole statutory direction for the jury trial was that it should be had at the bar of the court in the same manner in which civil cases are tried by jury. Pub. Sts. c. 112, § 133. The Legislature might doubtless have prescribed definite rules to be followed and applied in making the apportionment, and by omitting so to do plainly implied that it intended its agents to deal with the matter upon the broadest principles of justice. In making no further attempt to guide

the jury, it left them free to act according to their sense of justice, upon view of the facts of each case as it should arise.

It follows that the judge who is called upon to preside at such a trial does his whole duty when he allows the jury to hear all the pertinent competent evidence upon the questions under investigation, and instructs them upon such principles of right and justice, having a legitimate bearing upon the subject, as either party may desire him to call to their attention. It is not essential for him to lay down any specific rule of award or apportionment as governing the case, because the Legislature has seen fit not to order any apportionment or award upon any prescribed rule or theory. He may well leave the decision where the Legislature has left it, to the good sense and sound discretion of the jury itself. But he does not commit error if he sees fit to instruct them that they should bear in mind and apply any principle which must be recognized as fair and just, and applicable to the circumstances of the case in hand.

Applying this rule, we discover no error in the trial of the present case. The questions of the necessity of the alterations, and of the manner in which they should be made, were not in issue before the jury, but had been settled by another tribunal, and the work was completed. The sole task delegated to the jury was to apportion its cost. It was, therefore, immaterial upon whose petition the changes were ordered, and whether the result sought could have been obtained without altering the crossing, and the evidence offered upon these points was properly excluded. If the burden of proof rested upon either of the two parties, which we do not decide, it was upon the town, which had asked that the award might be revised, rather than upon the railroad corporation.

The jury were instructed that, in making their apportionment, they should keep in mind one general rule, that the parties should pay for the benefits respectively received. This general rule is the underlying principle of the first three instructions requested by the town, and the jury were told that each party should pay for whatever had been done for its special or peculiar benefit. This doctrine was clearly enunciated, and aptly illustrated and enforced in the charge, and it was not necessary for the presiding justice to give the rulings in the terms requested.

The portion of the charge specially excepted to correctly states that it was not a question for the jury what the alteration ought to have cost, or what such a benefit was worth to the town; but that, the change having been adjudged necessary, whether the transaction was a bad bargain or a good bargain, each party must pay for the benefit received, and that together they must bear the whole cost. The charge treated correctly the features of the case to which the instructions requested were directed, and was well calculated to aid the jury in dealing fairly with the questions involved in the verdict.

*Exceptions overruled.*

*S. J. Elder*, for the respondent.
*W. H. Coolidge*, for the petitioner.