BOSTON AND ALBANY RAILROAD COMPANY *vs.* COUNTY
COMMISSIONERS OF HAMPDEN.

Hampden.    September 25, 1895. — November 27, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Certiorari — Reservation of Case — Petition of City Officials for Alteration in Railroad Bridge — Decision of County Commissioners upon Petition — Alterations or Repairs — Statute.*

If a case is reserved for the determination of this court, by agreement of the parties, upon petition and answer, it is not open to the petitioner to contend at the argument that the case is not properly before the court.

A petition to the county commissioners, reciting that the mayor and aldermen of a city "are of opinion that it is necessary for the convenience of the public that an alteration should be made" in a bridge by which a railroad crosses a highway, and describing the circumstances which cause inconvenience to the public, is sufficient to give the commissioners jurisdiction, under Pub. Sts. c. 112, § 129, to determine whether any, and, if so, what alteration is necessary, and to prescribe the manner and limits within which it shall be made.

A decision of county commissioners upon a petition of the mayor and aldermen of a city, under Pub. Sts. c. 112, § 129, prescribing additions to be made to the upper surface of the masonry of a bridge by which a railroad crosses a highway in the city, and other changes and new structures designed to divert the water which otherwise would come upon the masonry and leak through it and fall upon the highway, and to carry that water into the sewers, orders the making of alterations and not of repairs ; and such alterations come within the purview of the statute, although the bridge is one built in compliance with a decree passed in prior proceedings under the same statute, and in which an apportionment was made of the expenses and burdens of the crossing, as existing before the prescribed alterations.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners, in ordering certain things to be done to a bridge by which the petitioner's railroad crosses Main Street in Springfield. The case was heard by *Morton*, J., upon petition and answer, and reserved for the determination of the full court; such decree to be entered as law and justice might require. The facts sufficiently appear in the opinion.

The case was submitted on briefs to all the judges.

*Samuel Hoar*, for the petitioner.

*G. D. Robinson*, for the respondent.

BARKER, J. It is not open to the petitioner to contend that the case is not properly before us, for the reason that it was reserved by agreement of the parties for our determination upon the petition and answer. The plan referred to in the decision of the county commissioners is not necessary to a clear understanding of the general scope of the work which the decision prescribes, or of the manner and limits within which the work shall be done. It is evident that no change is to be made in the location or the grade either of the railroad or of the highway, and none in any portions of the structure of the bridge except with reference to the upper surfaces of the stone arch and of its abutments, which are required to be so treated that they will be impervious to water, and, in connection with a new system of drains, will carry into the city sewer any water which may flow from the surfaces to be so treated. If the work required by the decision shall be done there will be no change in the method by which the railroad traffic is conducted over the highway, and none in the use of the highway, save that, if the work serves its intended purpose, water will no longer leak through the masonry of the bridge and fall upon the highway, and an inconvenience now experienced by the public will thus be removed.

The application to the county commissioners recites that the mayor and aldermen " are of opinion that it is necessary for the convenience of the public that an alteration should be made in said bridge, as [that is to say, because] the same is now constructed so that water which falls upon the same in times of storms, and which falls upon the premises of said railroad company, passes through said bridge and falls upon the street below, to the common nuisance of the public travelling on said

street." The railroad company concedes that under the alternative wording of the statute, "If . . . the mayor and aldermen . . . are of the opinion that it is necessary for the security or convenience of the public," (Pub. Sts. c. 112, § 129,) it is enough that the change sought should be necessary for the public convenience, without more, but contends that the county commissioners had no jurisdiction because the mayor and aldermen did not set out the substance of their opinion in the petition, and did not present any definite plan for alterations either in the petition or at the hearing before the county commissioners, and that because the plan embodied in the decision originated with the last named board, the mayor and aldermen could not have been of the opinion, when they made their petition, that such changes should be ordered. In other words, the company contends that the petitioning officials must be shown to have so exercised their judgment as to have determined that some particular alteration specified in the petition is necessary before the county commissioners have jurisdiction under the statute; and it would seem to be a logical sequence of this contention, if sound, that without an amendment of the petition no alteration could be ordered in such proceedings unless it was specifically adjudged to be necessary by the officials who initiate them, and was so stated in the petition; and the petitioner here so contends.

This contention is unsound. By preferring their petition the officials who invoke the action of the county commissioners show that they are of the opinion that some alteration is necessary, and they state the existing circumstances with reference to the bridge and the way which make some alteration necessary. This was in substance all that was contained in the petition of the selectmen in *Norwood* v. *New York & New England Railroad*, 161 Mass. 259, where it was held that it was not necessary that a plan or specifications should accompany the petition, nor that the alterations prayed for should be particularly set out. The reason given in that decision was that the alterations necessary are to be determined by the commissioners and the court. We think the statute requires only that the officials who apply for an alteration shall have determined that some alteration, the general nature of which is disclosed by the petition, is necessary, and that upon such a petition as the one now under

consideration the commissioners have jurisdiction to proceed, and to determine whether any alteration is necessary, and, if so, what alteration, and to prescribe the manner and limits within which it shall be made.

The railroad company also contends that the decision does not prescribe the making of alterations, but of mere repairs, and that the statute does not apply to such a case as the present. In the opinion of a majority of the court, this contention is unsound. It is conceded that the bridge has been constructed in accordance with decrees passed in prior proceedings under the same statute, and that it remains exactly as it was built, without injury, dilapidation, or loss. The things which the present decision requires to be done are additions to the upper surface of the masonry, and other changes and new structures designed to divert the water which otherwise would come upon the masonry, and to carry that water into the sewers. They are not acts of restoration, or repairs, but alterations designed to obviate a nuisance which had no existence until after the former decrees had been carried into effect. There is no contention that the existing nuisance was foreseen by any of the parties concerned in the former proceedings, or by the public authorities under whose orders the bridge was built and left in its present condition, and this consideration makes it impossible to treat the present proceeding as an attempt on the part of the city to escape from a burden imposed upon it by the former decrees with reference to the crossing.

We think that the alterations come within the purview of the statute, although the bridge is one built in compliance with a decree passed in prior proceedings under the same statute, and in which an apportionment of the burdens of the crossing as now existing was made. Both the railroad and the highway were built and are maintained for the convenience of the public, and the State retains its control in order that the public convenience may be at all times served by each. The necessity of an alteration for the security or convenience of the public at the time when the question is to be determined is the test to be applied. If such a necessity exists, the alterations may be ordered, whether there have been former proceedings under the statute or not; and by the statute the expense of such altera-

tions, and the burdens which may be imposed upon the parties concerned, are to be dealt with in the proceedings in which the alterations are ordered. The fact that the expenses and burdens of the structures to be altered have been apportioned in former proceedings will no doubt have such consideration as it may deserve in deciding how the expenses and burdens of the alterations to be now made shall be borne, and such expenses and burdens may, by the proper authorities, be imposed wholly upon one party or be apportioned.

*Petition for certiorari denied.*