## NEW ENGLAND RAILROAD COMPANY vs. BOARD OF RAILROAD COMMISSIONERS.

Suffolk.   January 12, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Widening of a Way at a Crossing — Town — Railroad — Statute — Constitutional Law.*

The contention that a widening of a way is not included within the meaning of the words " alteration . . . in . . . the location of . . . the highway or town way," in Pub. Sts. c. 112, § 129, or of the words " that the location . . . of the highway or town way shall be changed," in § 130, so that the statute does not authorize an alteration of the crossing to be effected by widening the way at the crossing, or, if it does authorize such a widening, that it does not provide compensation for land taken for a widening, and is unconstitutional, is unsound, and cannot avail.

PETITION, filed December 10, 1896, for a writ of certiorari to quash certain proceedings of the respondent.

The petition alleged that, on April 3, 1896, the selectmen of the town of Blackstone filed a petition with the board of county commissioners of the county of Worcester, wherein they recited that St. Paul Street in said town was crossed by the location of the New England Railroad Company, and also by the location of the Providence and Worcester Railroad Company, not at

grade in either case, but by separate bridges passing above St. Paul Street, and praying that said street might be widened, and alterations made in the bridges by lengthening the same and moving back the abutments thereof.

After a hearing, the board, on July 14, 1896, made a return, granting in part the prayer of the petitioners; and the petitioner in the present case appealed to the Board of Railroad Commissioners, stating as reasons therefor, " first, that said alterations are not required by public convenience or necessity; secondly, that the expense of such alterations would be disproportionate to any advantage to be gained thereby; thirdly, that if any considerable proportion of said expense should be put upon your petitioners, it will be an expense not warranted by its financial condition; fourthly, that the manner and limits in which the work should be done, as prescribed by the commissioners, is unnecessarily expensive, even if the alterations are necessary to be made."

At the hearing before the board, it appeared that, before the laying out of either of the railroads, all the land covered by and in the vicinity of the two crossings of St. Paul Street was in the possession of one owner, and that no highway or other way existed where St. Paul Street now is. About 1846 this owner sold to the Providence and Worcester Railroad a strip forming its present location over the present St. Paul Street, being south of and adjoining the location of the petitioner. The grantor reserved in his deed a private way twenty feet wide. In 1847 the owner sold the Norfolk County Railroad Company, a predecessor of the New England Railroad Company, the strip forming its present location over the present St. Paul Street. In the deed no way was reserved. When the Norfolk County Railroad was constructed, however, a space twenty feet wide was left open through the raised bank or " fill " over which the railroad was built at that point, this space being continuous with the private way reserved under the deed to the Providence and Worcester Railroad. At this point there was no public way until the year 1869, when the present St. Paul Street was laid out as a town way twenty feet wide at the point in question, where it passed under the railroad bridge of the petitioner. In other words, St. Paul Street was laid out of such width as to

include all of the land contained in the abutments of the railroad bridge, and no more. There was no change in the situation, with reference to St. Paul Street or the railroad bridge, from the time of the laying out to the present date, and the petition of the selectmen of Blackstone was for the widening of said street so as to include the land now occupied by the northerly abutment of the bridge passing over the street.

The petitioner requested the board to rule, as matter of law, that it was not competent for it to order the widening of St. Paul Street as prayed for.

The board refused so to rule, and ordered in writing that St. Paul Street be widened on the northerly side thereof, and that the northerly abutments of the railroad bridge be set back a distance of thirteen feet, and that the bridge be lengthened so as to conform to the widening of the street.

The respondent demurred to the petition, on the ground that it did not set forth any legal cause for granting its prayer.

Hearing before *Knowlton,* J., who, at the request of the parties, reserved the case on the petition and demurrer for the consideration of the full court.

*F. A. Farnham,* for the petitioner.

*F. N. Thayer,* for the respondent.

BARKER, J. The plain purpose of Pub. Sts. c. 112, § 129, is to give a method of making any alteration in the crossing of a railroad and a way for ordinary travel which may be necessary for either the safety or the convenience of the public. The alteration may be in the crossing itself, in the approaches thereto, or in the location of the railroad or the way for ordinary travel. If the taking of land for the purposes of making the alteration is necessary, the statute (Pub. Sts. c. 112, § 130) provides how it shall be taken and how the damages for the taking shall be assessed and paid. The petitioner's argument is that a widening of a way is not included within the meaning of the words "alteration . . . in . . . the location of . . . the highway or town way," in § 129, or of the words "that the location . . . of the highway or town way shall be changed," in § 130, and so that the statute does not authorize an alteration of the crossing to be effected by widening the way at the crossing, or, if it does authorize such a widening, that it does not provide compensation

for land taken for a widening, and is unconstitutional. It is to be noticed that none of these contentions are made in the statement of the reasons of appeal.

The widening of an existing way is a change in its location, effected by bringing more of the earth's surface within the location. Such a change is contemplated both in § 129 and in § 130. That the intention of the Legislature was to provide for any alteration necessary for the public safety or convenience is apparent from a comparison of the provisions of Pub. Sts. c. 112, §§ 129, 130, with that of St. 1872, c. 262, and of St. 1874, c. 305, and with the decisions of this court in *Lancaster* v. *County Commissioners*, 113 Mass. 100, and *Boston & Albany Railroad* v. *County Commissioners*, 116 Mass. 73, 79. As the statute provides for compensation if land is taken, there is no ground for contending that it is unconstitutional. Pub. Sts. c. 112, § 130.

*Demurrer sustained, and petition for certiorari dismissed.*