NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY & another *vs.* INHABITANTS OF BLACKSTONE.

Worcester.   September 28, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Railroad.   Damages.   Words,* "Land damages."

On a petition of a railroad company under R. L. c. 111, § 135, for damages from the alteration of a crossing of a highway with the railroad of the petitioner, the award of a special commission appointed under R. L. c. 111, §§ 136, 137, is material and admissible in evidence, as the special commission, in apportioning the expenses between the railroad company and the town, could decide that the railroad company should contribute to the alteration its land and all damages suffered by it, in which case its only remedy, if aggrieved, would be by an

application for a jury under § 138 of the same chapter, while in the absence of such a decision by the special commission, the railroad company would have the same right to compensation under § 135 that a stranger would have.

An award of special commissioners, under R. L. c. 111, § 136, relating to the widening of a street of a town between two abutments supporting an overhead bridge of a railroad company, directed the town to pay "the entire expense of land damage occasioned by the taking of land and property for the widening" of the street, and that all other charges and expense occasioned by carrying into effect such decision should be paid two thirds by the railroad company and one third by the town. *Held*, that under this award the town was to pay for an abutment of the bridge on land of the railroad company taken for the street as well as for the land itself, that the town also was to pay to the railroad company the extra expense of the new bridge and abutment made necessary by the widening of the street, after deducting the increased value of the new structure over the old to the railroad company for use in its business, and also was to pay to the railroad company the expense of removing to a new location a water crane and valve pit, upon land adjacent to that taken, used for furnishing water to locomotives and required to be moved by reason of the construction of the new abutment.

On a petition by a railroad company under R. L. c. 111, § 135, for damages from the alteration of a crossing of a highway with the railroad of the petitioner, if a special commission appointed under R. L. c. 111, §§ 136, 137, has made an award, providing, among other things, that the railroad company shall pay all future charges for keeping in repair the abutments and foundations of the railroad bridge over the highway, the petitioner is not entitled to compensation because it is required by a decree of the county commissioners to maintain a bridge to span a street thirty-three feet wide instead of a street nineteen feet wide, as it was before the alteration.

PETITION, filed February 23, 1900, by the New York, New Haven, and Hartford Railroad Company and the New England Railroad Company against the inhabitants of Blackstone, for damages under the provisions now`re-enacted in R. L. c. 111, § 135.

In the Superior Court the case was heard by *De Courcy*, J., who directed the jury to return a verdict for the petitioners in the sum of $60.85, representing the value of the land of the petitioners, subject to its use for railroad purposes, taken by the town of Blackstone for the widening of St. Paul Street as required by a decree of the county commissioners. At the request of the petitioners the judge reported the case for determination by this court. If the ruling of the judge was right upon all the questions raised, the verdict was to stand; otherwise the verdict was to be set aside, and the case was to be sent to an assessor for the ascertainment of damages in accordance with such rules as this court might determine should be followed.

The rulings of the judge appear by the opinion. The award of the special commissioners, under the provisions now re-enacted in R. L. c. 111, § 136, described and referred to by the court, was as follows:

"First. Said town of Blackstone shall carry into effect so much of the decision of said County Commissioners as requires the taking of land and other property for the purpose of widening said St. Paul street.

"Second. All other matters, removals, excavations, works and constructions required by said decision of the County Commissioners, shall be carried into effect by said New England Railroad Company.

"Third. Said New England Railroad Company shall pay all future charges for the keeping in repair the abutments and foundations thereof, and the bridge over said St. Paul street.

"Fourth. Said town of Blackstone shall keep in repair said St. Paul street between said abutments.

"Fifth. Said town of Blackstone shall pay the entire expense of land damage occasioned by the taking of land and property for the widening of said St. Paul street, as required by said decree of the County Commissioners.

"Sixth. The costs of said petition to the County Commissioners, including the costs upon appeal, shall be paid by said New England Railroad Company to said petitioners.

"Seventh. All other charges and expense occasioned by carrying into effect such decision, including cost of the hearing before said special commission, are hereby apportioned two-thirds to said New England Railroad Company, and one-third to said town of Blackstone.

"Eighth. No portion of the charges, expense and costs of carrying such decision into effect, and of any proceedings in relation thereto are apportioned to the county of Worcester."

This award was returned into court, and neither party appealed therefrom.

The offers by the petitioners of evidence excluded by the judge, which are referred to in the opinion, were as follows: The petitioners offered to show that at the time of the decree of the county commissioners and the taking under a decree of the road commissioners of Blackstone, there was upon the land

taken, a bridge abutment constructed of granite, which had a value as a structure in connection with the land taken for use in railroad purposes of $2,750; that the extra expense of the new bridge and new abutment constructed in accordance with the decree of the county commissioners, after deducting the increased value that the new structure had over the old to the railroad for use in its railroad business, was $11,878. The petitioners also offered to show that by reason of the decree of the county commissioners they now were required to maintain a bridge to span a street thirty-three feet wide in place of the old street nineteen feet wide; and that in order to compensate them for this liability they should be paid the sum of $1,940. The petitioners further offered to show that upon land adjacent to but not within the area taken by the road commissioners of Blackstone, there were located a water crane and valve pit, for furnishing water to the petitioners' locomotives, which, by reason of the decree of the county commissioners and the construction of the new abutment thereunder, it became necessary for the petitioners to remove and place in a new location at an expense of $700.

. The case was argued at the bar in September, 1903, before *Knowlton*, C. J., *Morton*, *Barker*, *Hammond & Loring*, JJ., and afterwards was submitted on briefs to all the justices.

*A. P. Rugg*, for the petitioners.*

*F. N. Thayer & M. N. Thayer*, for the respondent.

LORING, J.   The selectmen of Blackstone brought a petition for the widening of St. Paul Street, between two abutments supporting an overhead bridge, on which the tracks of the New England Railroad were laid. The county commissioners decided in favor of the widening, and a special commission was appointed under what is now R. L. c. 111, § 136, to determine which party should carry the decision into effect and which party should pay the charges and expenses of the alteration, the future charge of maintenance and the costs of the several proceedings. Their award was in substance this: The town was to carry into effect so much of the decree as required the taking of land and other property to widen St. Paul Street; all construction was to be

* The real petitioner in interest was the New York, New Haven, and Hartford Railroad Company, and is referred to throughout the opinion in the singular number.

carried into effect by the railroad, including the remaking of St. Paul Street as well as the rebuilding of the railroad bridge and its abutments ; in the future the railroad bridge and its abutments were to be maintained by the railroad, and St. Paul Street by the town ; the town was to pay the "entire expense" due for land and property taken in widening St. Paul Street; and all other charges and expense were to be borne two thirds by the railroad company and one third by the town.

In pursuance of the decree the town took ten hundred and fifty square feet of land within the location of the railroad owned by it in fee, and covered by the abutment of the railroad bridge on the northerly side of St. Paul Street and " all buildings, erections and structures standing on the above described and bounded tract of land." The railroad brought the petition now before us to recover compensation for this taking.

The petitioner's first exception is to the introduction in evidence of the award of the special commission. Its contention here is that it is entitled to compensation under what is now R. L. c. 111, § 135, and that the right so given is not affected by the award of a special commission under § 136, and that it was so decided in *New England Railroad* v. *Railroad Commissioners*, 171 Mass. 135. But we are of opinion that the special commission appointed under what is now R. L. c. 111, § 136, in apportioning the expenses between the railroad and the town, could have provided that the railroad should contribute to the alteration its land and all damages suffered by it. In the absence of such a provision in the award of the special commission, the railroad would have the same right to compensation which a stranger would have under what is now R. L. c. 111, § 135. But if the special commission does make a provision in its award that the railroad shall bear the burden of the compensation due for its property taken to carry out the alteration, and the railroad feels aggrieved, its remedy is to take an appeal to a jury under what is now R. L. c. 111, § 138. The award of the special commission was properly admitted.

The petitioner's right to compensation, therefore, depends upon this : First, would it be entitled to compensation apart from the award of the special commission ? Second, does that award take it away ?

The real question in the case at bar is the true construction of the fifth article of the commissioners' award directing the town to " pay the entire expense of land damage occasioned by the taking of land and property for the widening of said St. Paul street," in connection with the seventh article directing that " All other charges and expense occasioned by carrying into effect such decision, including cost of the hearing before said special commission," shall be paid, two thirds by the railroad and one third by the town.

The ruling of the Superior Court was " that the value of the land, subject to its use for railroad purposes, was the only thing that the petitioner was entitled to recover under the award of the special commission." We are of opinion that this was wrong.

Had the award provided that the town should pay the " damage occasioned by the taking of land and property for the widening of St. Paul Street," it would hardly be contended that the railroad could not recover compensation for the taking of the abutment which covered the land taken as well as for the land taken. The insertion of the word " land " before damage does not lead to a different conclusion. Compensation for land taken under the power of eminent domain and for the buildings on it is technically " land damages." The building is technically not only a part of the land but is technically land ; and an action for compensation for land taken under the power of eminent domain and buildings which are upon that land is, as matter of technical law and ordinary parlance, spoken of as an action for " land damages." To exclude the value of the abutment and to confine the railroad to the value of the land is to read out of the article the provision that the town shall pay the damage occasioned by the taking of property as well as of land. This conclusion is reinforced by reference to the first article of the award by which the special commission provided that the town should carry into effect so much of the decree of the county commissioners as requires the taking of land and other property, and by reference to the taking made in pursuance to this article, which was a taking of the ten hundred and fifty square feet and " all buildings, erections and structures standing on the above described and bounded tract of land."

We are therefore of opinion that the petitioner was entitled at least to the value of the abutments then on the land as well as to the value of the land.

But the petitioner is not entitled to compensation because it was required by the decree of the county commissioners to maintain a bridge to span a street thirty-three feet wide in place of the old street nineteen feet wide. By the third article of the award of the special commission, this burden was cast upon the railroad, and the petitioner's exception to this evidence must be overruled.

This brings us to the petitioner's contention that as part of the damages to which it is entitled it has a right to compensation by reason of the fact that the parcel of its land which has been taken is land on which one abutment of its railroad bridge was constructed, and that the taking of the land to widen St. Paul Street over which its railroad bridge is constructed has forced it to rebuild the bridge and this abutment.

Apart from the burdens cast upon the parties by the award of the special commission, the petitioner would be entitled to these damages. *Boston & Albany Railroad* v. *Cambridge*, 159 Mass. 283.

The respondent's contention here is that the cost of the construction of the new abutments and of the new bridge is covered by the seventh article. But that is not so. That article does not provide that all charges and expenses occasioned by carrying the county commissioners' decree into effect shall be paid two thirds by the railroad and one third by the town; what it does provide is that " all other charges and expense " so occasioned shall be so paid. That is to say, all other charges and expenses not provided for in the fifth article which throws on the town the entire expense of the land damages occasioned by the taking of land and other property. In addition to the rebuilding of the railroad bridge and its abutment, there was the rebuilding of St. Paul Street. The seventh article, therefore, finds in the rebuilding of the street other charges of construction in addition to those covered by the fifth article, and finds in the maintenance of the bridge thrown on the railroad by the third article and that of the street thrown on the town by the fourth article, charges and expenses other than charges and expenses of construction.

Effect, therefore, can be given to this article, even if it does not cover the cost of construction of the railroad bridge and its abutment.

The only ground on which it could be held that these damages cannot be recovered is that by the terms of the fifth article the damages to which the petitioner is entitled are "land damages," and not all damages "occasioned by the taking of land and property." But we are of opinion, for the reasons already given, that that is not enough to exclude these damages to which the petitioner otherwise would be entitled, and that evidence that "the extra expense of the new bridge and new abutment constructed in accordance with the decree of the county commissioners, after deducting the increased value that the new structure had over the old to the railroad for use in its railroad business, was $11,878," should have been admitted as bearing on the damages to which they are entitled by the taking of their land.

The special commission evidently took the following view of the matter: This widening is for the sole benefit of the travelling public, and in no respect or aspect for the benefit of the railroad. The burden of paying for the highways is under our system of laws thrown on the town in which they are located. It is therefore fair that the land damages legally due for widening this public way, whatever they may be, shall be paid by the town, and that the balance (since the burden of widening the way is thrown on the town alone) should be put more heavily on the railroad.

The damage suffered by being forced to remove the water crane and valve pit to a new location was also a subject for which the petitioner was entitled to compensation. The other matters claimed by the petitioner seem to be properly included in the offers of evidence which we have discussed.

In accordance with the terms of the report the entry must be

*Verdict set aside; case to stand for hearing before an assessor.*