## TRUSTEES OF THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY *vs.* CITY OF NEW BEDFORD.

Bristol.   October 25, 1943. — December 1, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Bridge.   Railroad,* Bridge.   *Way,* Public: bridge.

By G. L. (Ter. Ed.) c. 160, § 107, a city was bound to bear the expense of certain repair work, adjudged by an order of the State department of public utilities to be required to restore to a condition necessary for the security and convenience of the public a bridge which, pursuant to an order of county commissioners, had been constructed by the city for the purpose of carrying an existing railroad over streets which the commissioners in the order authorized the city to lay out and construct across and under the railroad.

While the cost of repairs to bridges constructed by a railroad corporation over existing public ways incidental to the laying out of the railroad must be borne by the corporation, the cost of repairs of such bridges constructed across an existing railroad incidental to the laying out by a municipality of a public way for the public convenience and necessity must be borne by the municipality.

BILL IN EQUITY, filed in the Superior Court on September 9, 1941.

The case was heard by *Walsh*, J.

*A. P. Doyle*, Assistant City Solicitor, for the defendant.

*A. W. Blackman*, (*L. H. Gulick* with him,) for the plaintiffs.

RONAN, J. The city of New Bedford was authorized on December 24, 1906, by orders of the county commissioners of the county of Bristol, to lay out and construct Coggeshall and Cedar Grove streets across and under the railroad of the Old Colony Railroad Company, the New York, New Haven and Hartford Railroad Company being the lessee, and was ordered to construct a steel girder bridge, supported by concrete masonry abutments, for the purpose of carrying the railroad over each of these two streets. The bridges and abutments were constructed in accordance with these orders by the railroad corporation pursuant to an agreement made with the city, and the work was paid for by the city.

The city having refused to keep the bridges in proper repair, the plaintiffs, who are the trustees of the property of the New York, New Haven and Hartford Railroad Company, having been duly appointed in reorganization proceedings now pending in the United States District Court for the District of Connecticut, and who by order of the said court are operating the Old Colony Railroad Company, filed a petition under G. L. (Ter. Ed.) c. 159, § 84, with the department of public utilities to determine whether the bridges were in need of repairs and, if so, to prescribe the manner and limits within which the work should be done. The department issued a decision setting forth the work required to be done in order to restore the bridges to a condition necessary for the security and convenience of the public. The city refused to do this work. The plaintiffs filed a bill in equity under G. L. (Ter. Ed.) c. 159, § 85, to secure an order requiring the city to do this work. Thereafter, in accordance with a stipulation made by the parties, the plaintiffs performed the work prescribed at a cost of $5,730.07. The city appealed from a final decree ordering it to pay this amount with interest and costs.

The single issue is whether the city or the railroad corporation is required to bear the expense of making repairs to these two bridges.

The statutes governing the laying out and the construction of both of the ways across the railroad were St. 1906, c. 463, Part II, §§ 113, 116, which, except for clerical changes necessitated in the codification of these sections, now appear as G. L. (Ter. Ed.) c. 160, §§ 104, 107. Section 104 empowers the county commissioners to lay out, or to authorize a city or town to lay out, a way across a railroad in such a manner as not to injure or damage the railroad and otherwise in accordance with §§ 97 and 98, but a crossing at grade is not to be permitted unless public necessity so requires and the department of public utilities consents. Section 107 requires a railroad corporation, at its own expense, except as provided in §§ 65–82 of c. 159, to construct, maintain and keep in repair all bridges, together with their approaches and abutments, which it is authorized or required to construct over or under a public way, "but if, after the laying out and building of a railroad, the county commissioners authorize a public way to be laid out across the railroad, all expenses of and incident to constructing and maintaining the way at such crossing shall be borne by the county, city, town or other owner of the same, unless otherwise determined by an award of a commission, under proceedings in accordance with sections fifty-nine to sixty-four, inclusive, of chapter one hundred and fifty-nine."

The city raises no contention that the county commissioners did not properly impose upon it the expense of the construction of the overhead railroad bridges, but contends that said § 107 makes a plain distinction between the obligation to maintain bridges and the obligation to maintain ways, and that the duty of keeping these bridges in repair is placed upon the railroad corporation while the only duty placed upon the municipality is to maintain the ways. If these ways had been laid out and carried over the railroad by bridges, there could be no question but that, nothing else appearing, the city would be required to keep the bridges in repair. *Boston & Albany Railroad* v. *Department of Pub-*

*lic Utilities*, 314 Mass. 634. And if the question arose as to the apportionment of the costs of an alteration in the present crossings, the fact that the ways passed under instead of over the railroad would not affect the proceedings. *Selectmen of Brookline, petitioners*, 236 Mass. 260. *Directors of Boston & Albany Railroad, petitioners*, 242 Mass. 455.

The fact that these railroad bridges are not a part of the public ways does not necessarily preclude the imposition of liability upon the city to keep them in repair in accordance with the provisions of said § 107. That section must be construed in the light of the common law which it superseded and the legislative history of the various enactments which together make up this section. We must also have in mind that we are dealing with the apportionment of costs arising from the making of a public improvement, and that the distribution or allocation of the burden is a legislative function. *Kingman, petitioner*, 153 Mass. 566. *Boston & Lowell Railroad* v. *Winchester*, 156 Mass. 217. At common law, the laying out of a new way over an existing way was to be accomplished in such a manner as not unnecessarily to injure or damage the old way, and whatever changes or structures were required to accommodate the old way to the use of the new one were to be erected and maintained at the expense of the party making the new way. *Boston & Albany Railroad* v. *Cambridge*, 159 Mass. 283, and cases cited. From the beginning of our legislation, the burden of constructing and maintaining bridges carrying railroads over or under existing ways was imposed upon the railroad corporations. Rev. Sts. c. 39, § 72. That statutory duty has been carried forward in all subsequent enactments and is now expressed in the first portion of § 107. Where a railroad is laid out under an existing way, the city is not concerned with the repair of the railroad, for as a practical matter the railroad corporation is required by the actual operation of its trains to keep its location safe for the prosecution of its business; and where the railroad corporation, in order to cross an existing way, elevates the way and carries it over the railroad by a bridge which it constructs, then it is primarily liable for any

neglect or refusal to keep the bridge in a reasonably safe condition for travellers thereon, *Sawyer* v. *Northfield,* 7 Cush. 490; *Titcomb* v. *Fitchburg Railroad,* 12 Allen, 254; *Dickie* v. *Boston & Albany Railroad,* 131 Mass. 516; *Carter* v. *Boston & Providence Railroad,* 139 Mass. 525, and to maintain it so that it will not obstruct travel on the public way. *New York Central & Hudson River Railroad* v. *County Commissioners of Middlesex,* 220 Mass. 569. *Boston & Maine Railroad* v. *County Commissioners of Middlesex,* 239 Mass. 127. The expense required for the laying out of a railroad over an existing way is incurred for the sole benefit of the railroad corporation, and it is fair and equitable that such expense should be paid out of the fares and charges collected by the railroad corporation from those for whom it performs services rather than from taxes assessed upon the general public. The situation, however, is entirely different where the occasion for the construction and maintenance of a bridge either over or under a railroad arises from the laying out and construction across the railroad of a way which is required by the public convenience and necessity. The expenses thus incurred are for the benefit of the public and not of the railroad corporation. The Legislature more than eighty years ago laid down the rule governing the payment of such expenses, and by St. 1857, c. 287, § 4, provided that "all the expenses arising from and incident to, the construction and maintaining of the way across said railroad shall, in all cases, be borne by the county, city, town or corporation, whose duty it is to build and maintain such way." The provisions of this statute were combined with what was formerly Rev. Sts. c. 39, § 72, into a single section when the railroad statutes were revised and codified in 1874. See St. 1874, c. 372, § 95. Section 95 has since continued through the subsequent revisions of our statutes and now appears as G. L. (Ter. Ed.) c. 160, § 107. The principle underlying these enactments is that the newcomer shall pay "all the expenses of and incident to constructing and maintaining the way at such crossing" in the absence of any determination by an award of a special commission. *Dickinson* v. *New Haven & Northampton Co.* 155 Mass. 16. *Nichols* v. *Boston & Maine Railroad,*

174 Mass. 379. *Boston & Maine Railroad* v. *County Commissioners of Worcester*, 300 Mass. 415.

The construction of these overhead railroad bridges together with their abutments was essential to the laying out and construction of the ways, and their maintenance was also essential if the ways as constructed were to remain open and continue safe and convenient for the use of travellers thereon. The expense of their upkeep was just as much incidental to the laying out and maintenance of the ways as was the cost of their construction, and the party charged with the cost of construction should also be charged with the expense of repair. This is in accord with the statutory rule putting upon the newcomer the duty to pay for the erection and maintenance of structures necessitated by the construction of the new way.

The item now in question is not properly an operating expense of the railroad corporation. As between the city and the railroad corporation it was an expense that originated in the laying out and construction of the ways and inexorably followed in the course of years from the use and deterioration of the bridges. Construing the statute in the light of its history, we hold that the cost of repair is an expense incidental to the construction and maintenance of the ways and should be borne by the city for whose benefit the bridges were constructed. *Boston & Albany Railroad* v. *Cambridge*, 159 Mass. 283. *Mayor & Aldermen of Newton, petitioners*, 172 Mass. 5. *Old Colony Railroad* v. *New Bedford*, 188 Mass. 234. *Mayor & Aldermen of Worcester* v. *Boston & Albany Railroad*, 225 Mass. 548. *Directors of Boston & Albany Railroad, petitioners*, 242 Mass. 455. *Boston & Maine Railroad* v. *County Commissioners of Worcester*, 300 Mass. 415.

*Decree affirmed with costs.*