AGNES CARROLL vs. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     December 10, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Interrogatories, Qualification of expert, Conduct of trial.  *Interroga-
tories.  Negligence, Res ipsa loquitur,* Street railway.  *Street Railway.  Evi-
dence,* Opinion : experts, Presumptions and burden of proof.  *Carrier,* Of passengers.

In an action against a corporation operating a street railway for personal injuries
caused by the derailment of a car of the defendant in which the plaintiff was a
passenger, the plaintiff filed interrogatories under R. L. c. 173, § 61, addressed
to the president of the defendant, containing the following question : " State
whether or not the defendant company made an investigation as to the cause
of said accident, and if your answer be ' Yes,' state what facts were discovered
as a result of said investigation."   The president answered as follows : " The
defendant company investigated the accident referred to in the declaration in
this case, but declines to state the result of its investigations, on the ground that
in so doing it would disclose its evidence and the manner in which it proposes
to prove its case."   *Held,* that under R. L. c. 173, § 63, the answer was a proper
one, and that a motion of the plaintiff that the defendant's president should be
ordered to answer the interrogatory further should be denied.

The exclusion of the testimony of a witness, offered as that of a medical expert, on
the ground that the witness has not had sufficient medical experience to qualify
him as such an expert, is a matter within the discretion of the presiding judge.

In an action for personal injuries alleged to have been caused by the defendant's
negligence, the exclusion of evidence offered by the plaintiff upon the question
of damages is made immaterial by a verdict for the defendant on the issue of
negligence.

The exclusion of a letter, written by a person who has testified as a witness for the
opposing party, which is offered to show his bias against the party offering the
letter in evidence, but which contains only by remote inference, if at all, any
possible allusion to the party offering it in evidence, is a matter within the
discretion of the presiding judge.

In an action against a corporation operating a street railway for personal injuries
caused by the derailment of a car of the defendant in which the plaintiff was a
passenger, alleged to have been due to a broken and defective switch, the de-
fendant, without objection or exception on the part of the plaintiff, put a hypo-
thetical question to an expert asking for his opinion as to the causes by which
the car might have been derailed, the defendant previously having laid a proper
foundation upon which to rest the assumption of facts in the question.   The
witness assumed in his answer, in accordance with the assumption in the ques-
tion, that the car track and the switch at which the car partially left the track
were apparently in good condition as well after as before the accident, and then
proceeded to give his opinion that, if these conditions were found to have existed
at the time, the tongue of the switch might have been moved a little when the
forward trucks passed over, and that, if this occurred, the rear trucks as they
followed might be caught, causing the car partially to leave the track.   In fur-

ther explanation of the way in which such an accident might happen, he stated that, if dirt had worked into the switch, the tongue might have been pushed out from the rail on which the car was travelling, causing it to run off the track, or, if the switch tongue had become slightly worn, that it would be a little low, causing the tread of the wheel to lift from the rail as it passed over. The plaintiff asked the judge to exclude the answer on the ground that it assumed the existence of facts not in evidence which the jury fairly could not find to have been true. The judge refused to exclude the answer. *Held,* that the refusal was right; that the possibilities testified to by the expert might be regarded either as additional reasons for his opinion derived from experience or as other possible consistent explanations of the cause of the accident falling within the scope of the inquiry.

A presiding judge properly may refuse to single out a portion of the evidence for comment, although the comment requested may be a correct one. .

A common carrier of passengers is required to exercise toward them only the highest degree of care which is consistent with the transaction of its business, and a street railway corporation is not to be held liable for an accident caused to one of its passengers by a defect in a switch merely because greater care in the examination of the condition of the switch would have prevented the accident, if the corporation exercised as much care in examining the switch as was consistent with the practical operation of its railway.

In an action against a corporation operating a street railway for personal injuries caused by the derailment of a car in which the plaintiff was a passenger, alleged to have been due to a broken and defective switch, the plaintiff, after showing that he was in the exercise of due care, can establish a *prima facie* case by proving .the derailment, but the defendant can rebut this presumption of fact by showing that it was not negligent, and the burden of proving the defendant's negligence remains upon the plaintiff as before. If the defendant introduces evidence from which the jury can find that it used due care in the construction, equipment and maintenance of its railway, this is sufficient to warrant a verdict in-its favor without its accounting for the accident.

TORT for personal injuries incurred on October 21, 1905, in consequence of the derailment of a car of the defendant in which the plaintiff was being transported as a passenger alleged to have been due to a broken and defective switch at the corner of Washington Street and Bowdoin Street in that part of Boston called Dorchester, which had been allowed to remain in a defective and dangerous condition by reason of the negligence of the defendant. Writ dated October 26, 1905.

Before the trial, interrogatories were propounded to the president of the defendant. The eleventh interrogatory was as follows: "Int. 11. State whether or not the defendant company made an investigation as to the cause of said accident and if your answer be 'Yes' state what facts were discovered as a result of said investigation." The answer of the defendant's president to this interrogatory was as follows: " The defendant

company investigated the accident referred to in the declaration in this case but declines to state the result of its investigations on the ground that in so doing it would disclose its evidence and the manner in which it proposes to prove its case." · The plaintiff made a motion in the Superior Court that the defendant be ordered to answer further the plaintiff's interrogatories. A judge of that court made an order that the defendant need not answer the eleventh interrogatory. From this interlocutory order the plaintiff appealed.

Later the case was tried before *Harris*, J. The evidence tended to show the following facts : On October 21, 1905, the plaintiff and her daughters, Catherine and Frances, were passengers in a box car of the defendant on Washington Street in that part of Boston called Dorchester, travelling in town in a northerly direction. Approaching Bowdoin Street, which runs easterly at nearly a right angle with Washington Street, there is a fall in the grade for about five hundred yards at the rate of from one and a half per cent to three per cent. There is a slight curve in the tracks to the left at this point.

There is a switch in the right hand or easterly rail of the inbound line at the corner of Bowdoin Street and Washington Street, which at that time was operated by hand. The tongue of this switch was kept in place by a key or flat piece of iron two inches wide by about three inches long and one half an inch thick, and the switch was ordinarily kept " keyed for Washington Street," that is, so as to allow the cars to proceed along Washington Street, as cars passed down Bowdoin Street infrequently, and the switch was so keyed at the time of the accident.

It was not in dispute that the car " coasted," that is, was allowed to run down grade without power, approaching the switch, but the distance that it coasted and the speed at which the switch was approached were in dispute.

It appeared that the wheels of the front truck took the switch properly, but the rear wheels jumped the switch. The evidence was conflicting, whether, after jumping the switch, the wheels remained upon the rails, the plaintiff's evidence tending to show that the car bumped some distance upon the pavement, while that offered by the defendant tended to show that, although the switch was jumped, the front wheels were upon the Washington

Street rails and the rear wheels upon the Bowdoin Street rails when the car stopped. It was not in dispute that the car was then turned at an angle of about forty-five degrees from the Washington Street rails.

After the passengers had left the car, it was replaced by jacks, and, upon being started over the switch, again jumped it.

The answer of the expert, called by the defendant, described in the opinion, which the judge refused to exclude upon the request of the plaintiff, was in answer to the following hypothetical question, to which no objection was made and no exception was taken :

" Assuming on October 21, 1905, there was a switch, of this construction, that has been described, at the corner of Bowdoin and Washington Streets ; that it had been keyed for Washington Street — in other words, the car was supposed to go directly north in town — and that a car of this pattern, 1094, that you have described to the jury, was proceeding along over this switch, and that it did straddle, as the witnesses have described ; and assuming also that the switch was in good condition and that the car was in good condition, is there, by reason of your experience and study, any explanation you can give to the jury of the cause of that accident? "

At the close of the evidence the plaintiff asked the judge for twelve instructions to the jury, of which the judge gave the second, third, fifth, eighth and ninth.   The others were as follows :

" 1.  Upon all the evidence the jury should find for the plaintiff."

" 4.  Upon all the evidence the jury should find that the defendant's negligence was the cause of the accident."

" 6.  While the burden of proof of the defendant's negligence is upon the plaintiff in this case, the proof of the occurrence of the accident in this case, and of the exercise of due care on the part of the plaintiff is *prima facie* proof of the defendant's negligence.

" 7.  A railway and its cars are so constructed and adjusted to each other with the purpose that, when there is no defect in either, the cars shall remain on the track.   The fact that a car runs off the track or jumps a switch is evidence of defect or negligence somewhere ; and when the track and cars are under the exclusive control of the defendant, it is evidence sufficient to

charge it, in the absence of an explanation which satisfies the jury, that the accident was not due to negligence in some respect on the part of the defendant."

" 10.  The jury are not bound to believe the evidence of the defense or to accept the explanation of the accident offered by it unless they are satisfied that it is true and that the accident was not in fact due to the negligence of the defendant in any particular.

" 11.  The defendant was bound to use the highest degree of care for the safety of its passengers consistent with the practical operation of the railway, and if the jury find that the accident would not have resulted had greater care been taken to examine the condition of the switch and the position of the tongue and key of the same, the plaintiff is entitled to recover.

" 12.  The fact that the car again jumped the switch upon being replaced after the accident is evidence of a defect in the car or switch."

The judge refused to give in°the form requested any of the instructions quoted above, and submitted the case to the jury with other instructions.   In the course of his charge the judge gave the following instruction :

" Upon the question of negligence I think I have already stated to you times enough so that you have in mind the rule that, as between the passenger of a common carrier and the common carrier itself, the carrier is held to the rule of the highest care which is at the same time consistent with the practical carrying on of its business as a common carrier.   That is to say, the amount of care required is not such a degree of caution as would defeat the purposes for which its vehicles and tracks and things were provided, that is, the frequent and rapid and easy transportation of passengers."

At the close of the charge the counsel for the plaintiff called the attention of the judge to the seventh instruction requested by him as quoted above.   The judge read the request to the jury, and then instructed them as follows :

" I think I have covered that, but I will restate it a little.

" In the case of an accident on a railroad train or street car or steamboat, or any other public vehicle of transportation — but take the steam car or trolley car — if it is alleged that a car

leaves the track, and a plaintiff comes into court and says, ' I was a passenger upon that car, and it left the track, and I was injured,' and there is no other evidence in the case in regard to the accident, the happening of such a thing as that, unexplained, would be *prima facie* evidence that something was wrong, and a jury might be warranted upon that in finding that it left the track by reason of negligence.

" But where there is evidence offered to explain the happening for the purpose of showing that it did not happen by reason of negligence, but that it happened either naturally or by reason of some accident which could not have been foreseen and prevented, then the mere derailment or unusual action of the car is not sufficient to justify the jury in finding negligence, from the mere fact that the car left the track.  But the jury have got to take all the evidence — first, the plaintiff's description of the happening, then the defendant's description and its explanation — and out of all the evidence presented by both parties they have got to say, before they can find a verdict against the defendant, that all the evidence satisfies them by a fair preponderance that negligence and negligence only is the explanation.

" So that in this case, the explanation having been offered, it becomes not a question of presumption from mere *prima facie* evidence but it becomes a question to be determined by the weight of evidence upon all the evidence presented, the burden being upon the plaintiff to satisfy you that all the evidence shows and shows fairly, that the accident came about only by negligence."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. P. Murray*, for the plaintiff.

*R. A. Stewart & H. J. Hart*, for the defendant.

BRALEY, J.  The refusal of the president to answer the eleventh interrogatory affords no ground of appeal.  The defendant was not compelled under R. L. c. 173, § 63, to disclose in advance its theory of the accident, or to state the facts derived from investigation, upon which it relied to establish its defense.  *Gunn* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 417.  *Robbins* v. *Brockton Street Railway*, 180 Mass. 51.  *Spinney* v. *Boston Elevated Railway*, 188 Mass. 30.

Nor was there any error at the trial in the rulings upon the admission and exclusion of evidence. It was within the discretion of the presiding judge, which does not appear to have been wrongly exercised, to exclude the testimony of the plaintiff's medical expert, upon the ground, that in his opinion the witness lacked sufficient medical experience. *Muskeget Island Club* v. *Nantucket,* 185 Mass. 303. *Lakeside Manuf. Co.* v. *Worcester,* 186 Mass. 552. Moreover, as his evidence if admitted bore only on the measure of damages, the jury having found on the issue of negligence that there was no liability, the plaintiff was not prejudiced. The exclusion of the letter also was discretionary, as it contains only by remote inference, if at all, any possible allusion to the plaintiff.* *Jennings* v. *Rooney,* 183 Mass. 577. *Robinson* v. *Old Colony Street Railway,* 189 Mass. 594. The defendant, without objection or exception, having put a hypothetical question to an expert called by it to give his opinion as to the causes by which the car might have been derailed, the plaintiff asked that his answer be excluded, because it assumed the existence of facts not in evidence, and which the jury could not fairly find to have been true. To a refusal to exclude this answer the plaintiff excepted. *Williams* v. *Clarke,* 182 Mass. 316. A hypothetical question rests upon either assumed facts already in evidence, or assumed facts which may be put in evidence. In determining the scope, fulness and distinctness of the questions, much must be left to the discretion of the presiding judge, which ought not to be overridden, unless it very clearly appears to have been wrongly exercised. *Chalmers* v. *Whitmore Manuf. Co.* 164 Mass. 532, 533. *Anderson* v. *Albertstamm,* 176 Mass. 87. *Commonwealth* v. *Johnson,* 188 Mass. 382, 384, 385, 386. By the testimony of other witnesses the defendant had laid a proper foundation upon which to rest the assumption of facts in the question asked. The witness assumed in his answer, as the question itself was predicated upon such assumption, that the car track and the switch were apparently in good condition as well after as before the accident, and then proceeded to give his opinion, that, if these conditions were found to have existed at

---

* The plaintiff contended that the letter showed bias against the plaintiff on the part of the writer who had testified as a witness for the defendant.

the time, the tongue or the switch might have been moved a little when the forward trucks passed over, and, if this occurred, the rear trucks as they followed might be caught, causing the car partially to leave the track. In further demonstrating how this might happen, his statements, that if dirt had worked into the switch, the tongue might have been pushed out from the rail on which the car was travelling, causing it to run off the track, or, if the switch tongue had become slightly worn, it would be a little low, causing the tread of the wheel to lift from the rail as it passed over, may be regarded either as additional reasons for his opinion, derived from experience, or as other possible consistent explanations, falling within the scope of the inquiry.

We pass to the rulings requested by the plaintiff, and to the instructions under which the case went to the jury. In all there were twelve requests. Of these, the second, third, fifth, eighth and ninth were given substantially in the language requested, while the seventh, subject to the plaintiff's exception, was given in a modified form. The tenth was properly refused, as the judge was not called upon to single out a portion of the evidence for comment. Besides, the jury must clearly have understood from the instructions, which if not in terms certainly in substance embodied the request, that the credibility of the witnesses, and the weight of the evidence as to any adequate explanation offered by the defendant, were all for their determination. The twelfth also was properly refused for the first reason given above for the refusal of the tenth. By the first part of the eleventh request, the plaintiff directed the attention of the judge to the degree of care required of a common carrier of passengers, and the instructions were in conformity therewith. The second part could not properly be given as it subjected the defendant to a greater liability than the law imposes. *Millmore* v. *Boston Elevated Railway*, 194 Mass. 323. *Marshall* v. *Boston & Worcester Street Railway*, 195 Mass. 284, 287.

But the plaintiff's principal complaint arises from the refusal to give the sixth and seventh requests, without modification. In the case of *Ware* v. *Gay*, 11 Pick. 106, 112, where a stage coach, in which the plaintiff was a passenger, overturned and broke his leg, it was said, " The wheel came off upon a plain and good

level road, without coming in contact with any other object. This evidence made a *prima facie* case for the plaintiff. . . . We are of the opinion that the law would imply negligence from those facts. It would result from them, that the coach was not properly fitted and provided. Then the burden of proof would change, and it would be for the defendants to rebut that legal inference." This form of statement of the law both as to the presumption of negligence on the part of the carrier, where the injury to the passenger is of such a nature, that the accident according to common experience would not have happened if there had not been a defect in the road or the equipment by which it is operated, and the burden of proof after a *prima facie* case has been made out, is found in very many of the cases where the subject has been considered. *Fairchild* v. *California Stage Co.* 13 Cal. 599. *Osgood* v. *Los Angeles Traction Co.* 137 Cal. 280. *Derwort* v. *Loomer*, 21 Conn. 245. *Yonge* v. *Kinney*, 28 Ga. 111. *New York, Chicago & St. Louis Railroad* v. *Blumenthal*, 160 Ill. 40. *Pittsburgh, Cincinnati & St. Louis Railroad* v. *Williams*, 74 Ind. 462. *Southern Kansas Railroad* v. *Walsh*, 45 Kans. 653, 659. *Louisville & Portland Railroad* v. *Smith*, 2 Duv. (Ky.) 556. *Baltimore & Ohio Railroad* v. *Worthington*, 21 Md. 275. *Stevens* v. *E. & N. A. Railroad*, 66 Maine, 74, 77. *Stoody* v. *Detroit, Grand Rapids & Western Railroad*, 124 Mich. 420. *McLean* v. *Burbank*, 11 Minn. 277. *Sawyer* v. *Hannibal & St. Joseph Railroad*, 37 Mo. 240. *Curtis* v. *Rochester & Syracuse Railroad*, 18 N. Y. 534. *Caldwell* v. *New Jersey Steamboat Co.* 47 N. Y. 282. *Iron Railroad* v. *Mowery*, 36 Ohio St. 418, 422. *Sullivan* v. *Philadelphia & Reading Railroad*, 30 Penn. St. 234. *Boss* v. *Providence & Worcester Railroad*, 15 R. I. 149, 154. *Zemp* v. *Wilmington & Manchester Railroad*, 9 Rich. (S. C.) 84. *Baltimore & Ohio Railroad* v. *Wrightman*, 29 Gratt. 431. *Stokes* v. *Saltonstall*, 13 Pet. 181. *New Jersey Railroad* v. *Pollard*, 22 Wall. 341. *Gleeson* v. *Virginia Midland Railroad*, 140 U. S. 435. *Skinner* v. *London, Brighton & South Coast Railroad*, 5 Exch. 787. *Dawson* v. *Manchester, Sheffield & Lincolnshire Railway*, 7 H. & N. 1037. *Carpue* v. *London & Brighton Railway*, 5 Q. B. 747. *Kearney* v. *London, Brighton & South Coast Railroad*, L. R. 6 Q. B. 759, 762. In some of our more recent decisions, the presumption standing alone is stated to

be sufficient to support an inference of negligence, unless the defendant, by going forward with the evidence, offers what the jury may find to be an adequate or satisfactory explanation. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312, 316, 317. *Feital* v. *Middlesex Railroad*, 109 Mass. 398. *Joy* v. *Winnisimmet Co.* 114 Mass. 63. *White* v. *Boston & Albany Railroad*, 144 Mass. 404. *Griffin* v. *Boston & Albany Railroad*, 148 Mass. 143, 146, 147. *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156, 162. *Hebblethwaite* v. *Old Colony Street Railway*, 192 Mass. 295. *Egan* v. *Old Colony Street Railway*, 195 Mass. 159. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367. But whichever form of expression may be chosen, *prima facie* evidence in legal intendment means evidence which if unrebutted or unexplained is sufficient to maintain the proposition and "warrant the conclusion to support which it is introduced." *Emmons* v. *Westfield Bank*, 97 Mass. 230, 243. *Crane* v. *Morris*, 6 Pet. 598, 611. A *prima facie* case, when made out, does not however, either necessarily or usually, change the burden of proof. It stands only until the contrary is shown. *Commonwealth* v. *Kimball*, 24 Pick. 359, 365. *Wilder* v. *Cowles*, 100 Mass. 487. The distinction between the burden of proof and the weight or preponderance of the evidence is sometimes overlooked. In the sense of the burden of the evidence, the burden of proof may change from one side to the other as the trial proceeds, but in the sense of maintaining the issue involved in the action it constantly remains on the party alleging the fact which constitutes the issue, and, when all the evidence has been introduced, the jury must say whether it has been maintained. *Central Bridge Co.* v. *Butler*, 2 Gray, 130, 132. It is in this sense that the phrase has been employed, or impliedly understood, in the class of cases in our reports to which the case at bar belongs. The defendant in the explanation which it offered was not called upon to account satisfactorily for the accident, although oftentimes when this has been done the presumption of the carrier's carelessness disappears, but only to show or explain that it had not been guilty of negligence. After it had introduced evidence from which the jury could find that it had used due care in the construction, equipment and maintenance of the railway, the burden of proof had not been shifted but still remained upon the plaintiff to

establish the defendant's negligence upon all the evidence, of which the presumption or inference of negligence upon proof of the derailment and injury formed only a part.

The requests, therefore, except so far as given, were properly refused, and the instructions, which fully and accurately recognized this distinction, were correct in law.

*Exceptions overruled.*

