DIRECTORS OF THE BOSTON & MAINE RAILROAD, petitioners.

Middlesex.   January 10, 1919. — February 26, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Railroad,* Change in bridge at crossing.

On a petition under St. 1906, c. 463, Part I, §§ 25, 26, after the county commissioners have determined that an alteration, which does not involve the abolition of a crossing at grade, shall be made in the crossing of a railroad over a public way in a city by rebuilding the bridge over the railroad, for the appointment of a special commission to determine which party shall carry such decision into effect and which party shall pay the charges and expenses of making such alteration, the special commission thus appointed have authority to determine that the cost, amounting to $1,156, of the relocation of a stairway for passengers leading from the elevated platform of the railroad station to the street level below shall be paid for wholly by the city, although both the original and the relocated stairway were wholly on the property of the railroad corporation and were for the use of patrons of the railroad corporation who desired to enter or leave the station by way of the adjoining street, such change in the location of the stairway being incidental to the principal work ordered by the county commissioners and it being assumed that the special commission in making such incidental order found that the city had been specially benefited by the change in the location of the stairway.

PETITION, filed in the Superior Court on August 11, 1915, under St. 1906, c. 463, Part I, § 25, and acts in addition to and amendment thereof, for the appointment of a special commission to determine which party shall carry into effect and which party shall pay the charges and expenses of making the alterations ordered by the county commissioners of the county of Middlesex under St.

1906, c. 463, Part I, § 23, and acts in addition to and amendment thereof in determining that public necessity required that alterations, which did not involve the abolition of a grade crossing, should be made in the crossing of the railroad of the Boston and Lowell Railroad Corporation, of which the Boston and Maine Railroad is lessee, over Chelmsford Street in Lowell, such crossing being known as Bridge 56, which was required to be rebuilt, and the Bay State Street Railway Company having tracks upon such bridge.

The proceedings are described in the opinion. The case was heard by *Morton, J.,* on the award of the special commission there mentioned. The city of Lowell waived its claim of a trial by jury and, after argument and consideration thereof, the judge made a final decree that the award of the special commission be confirmed and approved. The city of Lowell appealed.

*W. D. Regan,* for the city of Lowell.

*J. M. O'Donoghue,* for the Boston and Maine Railroad.

PIERCE, J. This is a petition brought in the Superior Court under the provisions of St. 1906, c. 463, Part I, §§ 25, 26, and acts in addition to and in amendment thereof, by the directors of the Boston and Maine Railroad, setting forth that the county commissioners of the county of Middlesex on petition of the directors of the Boston and Maine Railroad in accordance with the provisions of St. 1906, c. 463, Part I, § 23, have determined that public necessity requires that alterations, not involving the abolition of a crossing at grade, be made in a crossing of a public way in the city of Lowell, in said county of Middlesex, known as Chelmsford Street, and the railroad of the Boston and Lowell Railroad Corporation, of which the Boston and Maine Railroad is the lessee, said crossing being at a bridge over said railroad.

The petitioners further prayed that a special commission be appointed to determine which party shall carry such decision into effect and which party shall pay the charges and expenses of making such alterations and the further charges of keeping such bridge or crossing and the approaches thereto in repair, as well as the costs of the application to the county commissioners and of the hearing before the special commission.

The decision of the county commissioners rendered on July 27, 1915, determined the manner and limits of the proposed alteration,

and specifically provided that "The stairway leading from the railroad platform to the street level may be located in a new position different from that shown on the plan." By an agreement made and entered into by the county of Middlesex, the city of Lowell, the Bay State Street Railway Company and the Boston and Maine Railroad on September 3, 1915, the Boston and Maine Railroad was authorized by all the parties to proceed immediately to make the alterations in conformity with the decree of the county commissioners without prejudice. The railroad company intended to leave the stairway in its old location, but, on account of objection from the board of trade of Lowell and from the city through the city solicitor, placed the stairway in a new location.

The special commission prayed for was appointed by the Superior Court on October 26, 1915. The alterations were contracted for and were substantially completed at the time of the hearings before the special commission. The stairway was found by the commissioners to have cost $1,156 and the city of Lowell was ordered to pay that expense. The city of Lowell moved to recommit the report to establish the fact, now not controverted, that "the stairway formerly existing . . . wholly on property of said railroad, was relocated at a point about twenty feet east of the original location . . . and both the original and relocated stairway was for the use of patrons of said railroad who desired to enter or leave said station by way of Chelmsford Street." With the foregoing fact admitted, the refusal of the Superior Court to recommit the report of the special commission becomes immaterial, and the only question is whether the special commission acted in excess of its jurisdiction in assessing the city of Lowell for the cost and construction of the stairway at the place where it was rebuilt.

The commissioners, in determining the manner and limits of the alteration of the bridge and its approaches which they had decided were necessary, had necessary authority under § 23 above quoted to authorize changes which might fairly be regarded as incidental thereto. The change of twenty feet in the relocation and rebuilding of the stairway may well have been regarded by the commissioners as a change which should be made or not as all parties in interest should desire. The change of twenty feet in the relocation and rebuilding of the stairway may well have been regarded by the commissioners as reasonably, but not absolutely,

necessary to give access to the station from Chelmsford Street, which was or could have been considered by the commissioners impaired by the rebuilding of the bridge and the approaches thereto. It was at most but a small and inconsiderable part of the whole work — an incidental work — which might or might not be found to be reasonably necessary as the principal work reached completion. The commissioners were not deprived of authority to make the change in location of the stairway or to authorize that change by the fact that it was used by the patrons of the railroad in passing to and from the street and was entirely on the land of the railroad, if in their reasonable judgment its use by the public or by the patrons of the railroad would be impaired by the change as made in the bridge.

We are of opinion the commissioners had jurisdiction to relocate the stairway on the land of the railroad. It follows that the special commission had jurisdiction to determine the expense and costs of such work and to assess that sum upon the city of Lowell, which we assume was found to have been specially benefited. *Norwood* v. *New York & New England Railroad,* 161 Mass. 259. *Westborough, petitioner,* 184 Mass. 107. *New York, New Haven, & Hartford Railroad* v. *Blackstone,* 184 Mass. 491. *Mayor & Aldermen of Waltham, petitioners,* 206 Mass. 208, 211.

*Decree affirmed.*