CHARLES S. SMITH *vs.* DONALD M. HILL & others,
executors.

Suffolk. November 11, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Evidence*, Presumptions and burden of proof. *Bankruptcy.*

Where the defence of a discharge in bankruptcy is set up as a bar to an action on
a judgment, if the defendant proves his discharge in bankruptcy and thereupon
the plaintiff proves by the record of the bankruptcy court that the bankrupt's
debt to him was not scheduled by the bankrupt, the burden is on the defendant,
who relies on the discharge in bankruptcy, to prove that the plaintiff had notice
or actual knowledge of the bankruptcy proceedings, and, if he fails to show
such notice or knowledge, the discharge, under § 17 a (3) of the bankruptcy
act of 1898, as amended, is not a bar to the plaintiff's action.

CONTRACT on a judgment against the original defendant,
Warren M. Hill, for $4,478 obtained in the Superior Court by the
plaintiff on May 2, 1904. Writ dated March 30, 1914.

The defendant's answer set up his discharge in bankruptcy on
December 3, 1912, and an authenticated copy of the certificate of
discharge was annexed to the answer.

Later, upon the suggestion of the death of the defendant on
October 26, 1915, the executors of his will were admitted as parties
to defend the action.

In the Superior Court the case was tried before *Aiken*, C. J.
The plaintiff introduced in evidence a certificate of the clerk of
the Superior Court for the county of Suffolk, which showed that
the judgment remained unsatisfied, and rested. The defendants
introduced in evidence a certified copy of the discharge in bank-
ruptcy of Warren M. Hill, and rested. The plaintiff introduced in
evidence in rebuttal a certified copy of the schedule of creditors
in bankruptcy of Warren M. Hill, in which schedule the name of
the plaintiff, Charles S. Smith, did not appear. No evidence other
than the foregoing was introduced by either party.

The defendants then made certain requests for rulings, of which
the following were granted, and these rulings were made by the
Chief Justice:

"1. The certified copy of the defendant's discharge in bankruptcy on the facts in this case is *prima facie* evidence that the plaintiff's debt was properly scheduled and that the plaintiff was duly notified of the defendant's bankruptcy.

"2. The burden is upon the plaintiff to show that his debt or judgment was not scheduled according to law in the defendant's list of claims filed in the bankruptcy court prior to his discharge in bankruptcy."

"6. In arriving at a finding in this case the court must assume, unless by a preponderance of the evidence the plaintiff has shown otherwise, that the bankruptcy proceedings of the defendant prior to and at the time of the adjudication of discharge were in all respects regular and in compliance with every requirement of the bankruptcy law.

"7. The plaintiff's claim was a provable debt under the bankruptcy act."

The defendants, besides a fifth request which was waived, asked the Chief Justice to make the following rulings:

"3. The burden is upon the plaintiff to show that he was not notified of the defendant's bankruptcy.

"4. The burden is upon the plaintiff to show that he had no knowledge of the defendant's bankruptcy."

The Chief Justice refused to make either of these rulings, and found for the plaintiff in the sum of $8,150. The defendants alleged exceptions.

*I. F. Carpenter,* for the defendants.

*P. Keyes,* for the plaintiff.

RUGG, C. J. This is an action upon a judgment recovered against Warren M. Hill on May 2, 1904. The defence is a discharge in bankruptcy. After the commencement of this action the defendant died and the defence is conducted by his executors. The plaintiff introduced evidence that the judgment was unsatisfied and rested. The defendants introduced a certified copy of the discharge of Warren M. Hill granted on December 3, 1912, and rested. The plaintiff then showed in rebuttal a certified copy of the schedule of creditors in bankruptcy filed by Warren M. Hill, in which the name of the plaintiff did not appear. There was no further evidence. The judge ruled as requested by the defendants (1) that the certified copy of the discharge in

bankruptcy made a *prima facie* case that the plaintiff's debt was properly scheduled and that he was duly notified of the debtor's bankruptcy, (2) that the burden was upon the plaintiff to show that his debt or judgment was not scheduled according to law in the bankruptcy court, (3) that the bankruptcy proceedings were regular, and (4) that the plaintiff's claim was provable in bankruptcy; but refused to rule that the burden was upon the plaintiff to show that he was not notified of the debtor's bankruptcy and had no knowledge thereof, and found for the plaintiff. The case comes here on the defendants' exceptions to the refusals to rule, and to the finding. The questions presented relate wholly to the burden of proof.

The statement of the general rule as to the burden of proof is plain. The plaintiff, by asserting in his declaration facts which if proved establish a liability to him on the part of the defendants, has the burden of proving those facts. It was said by Chief Justice Shaw in *Powers* v. *Russell*, 13 Pick. 69, at pages 76, 77, that "Where the party having the burden of proof establishes a *prima facie* case, and no proof to the contrary is offered, he will prevail. Therefore the other party, if he would avoid the effect of such *prima facie* case, must produce evidence, of equal or greater weight, to balance and control it, or he will fail. Still the proof upon both sides applies to the affirmative or negative of one and the same issue, or proposition of fact; and the party whose case requires the proof of that fact, has all along the burden of proof. It does not shift, though the weight in either scale may at times preponderate. But where the party having the burden of proof gives competent and *prima facie* evidence of a fact, and the adverse party, instead of producing proof which would go to negative the same proposition of fact, proposes to show another and a distinct proposition which avoids the effect of it, there the burden of proof shifts, and rests upon the party proposing to show the latter fact." *Hughes* v. *Williams*, 229 Mass. 467, and cases collected. See *Commonwealth* v. *Thurlow*, 24 Pick. 374, 380, 381.

Applying this rule to the case at bar, it is clear that the plaintiff made out his case by the production of his judgment. The defendants did not attack that case but sought to avoid its force by proof of another independent, distinct and subsequent fact, namely, that after the rendition of the judgment Warren M. Hill

had received a discharge in bankruptcy. That raised a new issue. It was an affirmative defence. The burden of proving it rested on the defendants as the parties alleging it. That burden required the proof of a discharge granted under such circumstances as would bar the plaintiff's judgment. The judge ruled that *prima facie* that burden was sustained by proof of the discharge in bankruptcy. But that ruling was not and could not rightly have been to the effect that the burden of proof was shifted to the plaintiff upon any phase of the discharge in bankruptcy. As was said by Bigelow, J., in *Central Bridge Corp.* v. *Butler,* 2 Gray, 130, at page 132, "The burden of proof and the weight of the evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change in any aspect of the cause; the latter shifts from side to side in the progress of a trial, according to the nature and strength of the proofs offered in support or denial of the main fact to be established." A *prima facie* case or *prima facie* evidence does not change the burden of proof. It only stands until its weight is met by evidence to the contrary. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536. The burden of proof continues to rest upon the party who either as plaintiff or as defendant asserts the fact necessary to enable him to prevail. He must ultimately establish that fact before he can become entitled to a finding or verdict in his favor, and the burden rests on him to do that, whatever may be the intervening effect of different kinds of evidence or evidence possessing under the law varying degrees of probative value.

The pleading by the defendants of the discharge in bankruptcy as a bar to the plaintiff's claim imposed on them the burden of proving it. Whatever might be the *prima facie* effect of evidence of the discharge in bankruptcy granted by a court of competent jurisdiction, the burden of proof did not change to the plaintiff on that point, for the reason that the assertion of bankruptcy as a bar was not a part of the plaintiff's case, but on the issues raised by the pleadings was alleged by the defendants as a separate, subsequent fact in avoidance of the plaintiff's claim. Hence the burden of proving a discharge of such nature and granted under such circumstances as would bar the plaintiff's claim was assumed by the defendants under the pleadings and it rested upon them to the end. *Wylie* v. *Marinofsky,* 201 Mass. 583.

This conclusion is supported in principle by *Parker* v. *Murphy*, 215 Mass. 72, 75. It seems to us to be supported by the greater weight of well reasoned decisions in other jurisdictions. *Bailey* v. *Gleason*, 76 Vt. 115, 118. *Wineman* v. *Fisher*, 135 Mich. 604, 608. *Sloan* v. *Grollman*, 113 Md. 192, 194. *Calmenson* v. *Moudry*, 137 Minn. 123, 126. *Armstrong* v. *Sweeney*, 73 Neb. 775. *Bogart* v. *Cowboy State Bank & Trust Co.* 182 S. W. Rep. 678, 682. *Bunting Stone Hardware Co. Inc.* v. *Alexander*, 190 S. W. Rep. 1152, 1153. There are, however, contrary decisions. *Alling* v. *Straka*, 118 Ill. App. 184. *Matter of Peterson*, 137 App. Div. (N. Y.) 435. *Merchants Bank of Brooklyn* v. *Miller*, 176 App. Div. (N. Y.) 412; affirmed without opinion in 221 N. Y. 490. *Laffoon* v. *Kerner*, 138 N. C. 281, 285. Other decisions respecting the burden of proving that the nature of the plaintiff's claim is such as not to be within the bar of a discharge in bankruptcy are not necessarily inconsistent with this result. *Gatliff* v. *Mackey*, 31 Ky. Law Rep. 947. *Van Norman* v. *Young*, 228 Ill. 425. *Hallagan* v. *Dowell*, 139 N. W. Rep. 883. *Roden Grocery Co.* v. *Leslie*, 169 Ala. 579, related to a question of pleading. The distinction between the burden of proof, the weight of evidence and the *prima facie* effect of a discharge in bankruptcy does not seem to have been clearly drawn in them.

An analysis of § 17 a (3) of the bankruptcy act of 1898, c. 541, (30 U. S. Sts. at Large, 550,) as amended by U. S. St. 1903, c. 487, § 5, (32 U. S. Sts. at Large, 798,) confirms this view. It is as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." The fair implication of these words is that the person who asserts the force of the discharge as a bar must show in those instances where the debt has not been scheduled as required by the law and hence is within the exception to the bar of the discharge in bankruptcy, that nevertheless the debt is barred because within the excepted class of such unlisted debts belonging to creditors who either had notice or actual knowledge of the proceedings. In such cases it is only when a creditor is shown to belong to a class particularly excepted out of a class more generally excepted that the

discharge in bankruptcy becomes a bar. A special exception is thus grafted upon another exception to the chief proposition that in the main a discharge in bankruptcy relieves the debtor from legal obligation to his creditors. The burden of showing an exception as a relief from the apparent force of a written instrument rests upon the party asserting it in many kinds of cases. See, for example, *A. J. Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472; *Nichols* v. *Commercial Travellers' Eastern Accident Association,* 221 Mass. 540, 546; *Hughes* v. *Williams,* 229 Mass. 467, 471. See *Commonwealth* v. *Boyer,* 7 Allen, 306. That principle would seem to be equally applicable to an exception to a general principle.

This conclusion is consonant with natural justice. A discharge in bankruptcy under the terms of § 17 of the bankruptcy act is a bar to debts because creditors have had an opportunity to be heard in the bankruptcy courts upon the various matters there in litigation, have had the privilege of proving their claims and of sharing in the distribution of the assets of their debtors. Their claims thus have become *res judicata.* This result ensues from the basic proposition that the bankruptcy court acquired jurisdiction of the creditor, who thus has had his day in court. But if the creditor, through no fault of his own but wholly through the fault of the debtor upon whom is cast that duty by the law, has no notice or knowledge of the opportunity afforded him to appear in the bankruptcy court, there appears to be no natural justice in holding him bound by its adjudications. He is a stranger to the proceedings. Ordinarily one who asserts the binding force of a judgment by any court must show jurisdiction by that court over the person sought to be charged with the force of the judgment. He assumes the burden of proof on this point. *Eastman* v. *Cooper,* 15 Pick. 276, 285, 286. *Bissell* v. *Wheelock,* 11 Cush. 277, 279.

By the terms of § 17 the discharge has the effect to bar a provable debt only when it was scheduled or the creditor had notice or actual knowledge of the proceedings. If these elements do not exist, then the creditor has no connection with the bankruptcy proceedings. A mere proffer of a discharge in bankruptcy, without facts to show that an unscheduled creditor by the terms of the act became subject to the jurisdiction of the bankruptcy court, does not make the discharge effective as to such creditor. As was

pointed out in *Birkett* v. *Columbia Bank*, 195 U. S. 345, at page 349,. "Section 7 of the bankrupt law of 1898 devolves a number of duties upon the bankrupt, all directed to the purpose of a full and unreserved exposition of his affairs, property and creditors. Among his duties he is required to 'prepare, make oath to, and file in the court . . . a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them. . . .' To the neglect of this duty the law attaches a punitive consequence." Then follows a quotation of § 17 a (3) hereinbefore set forth. That consequence could hardly be punitive if, when it had appeared that the bankrupt had failed signally in the performance of this duty by omission in his schedules of any reference to a creditor or his claim, the creditor still had the burden of proof of showing that he was not affected by the discharge. It would seem to be necessary, in order to give a real "punitive consequence" to non-compliance with the requirements of the statute, to cast upon the bankrupt or his representatives the burden of proving that the discharge affected the creditor. It further was said in *Birkett* v. *Columbia Bank*, at page 350: "The provisions of the law relied upon by plaintiff in error [§§ 7, 17, 38, 65] are for the benefit of creditors, not of the debtor." Since the discharge is for the benefit of the debtor and not of the creditor there would seem to be a defect in the law if the burden of proving negative consequences arising from the default of the debtor should be borne by the creditor and not by the debtor. We think a correct construction of the law does not lead to such a result.

. There is nothing in *Kreitlein* v. *Ferger*, 238 U. S. 21, as we understand it, at all inconsistent with this conclusion. It there is said at page 26, "There are only a few cases dealing with the subject but they almost uniformly hold that where the bankrupt is sued on a debt existing at the time of filing the petition, the introduction of the order makes out a *prima facie* defence, the burden being then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice or other statutory reason, the debt sued on was by law excepted from the operation of the discharge." These words seem to us not to refer to the burden of proof but to the burden of evidence. See *Powers* v. *Russell*, 13 Pick. 69, 76; *Central Bridge Corp.* v. *Butler*, 2 Gray, 130, 132; *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 536.

See also 16 Cyc. 926, 932, 933, and cases there collected, and 10 R. C. L. § 45, page 897, and cases there cited. The ruling made at the request of the defendant at the trial, as to the probative value of the discharge in bankruptcy, was in accordance with the statement quoted from *Kreitlein* v. *Ferger.* That opinion at pages 30, 31, referred to the burden of proof as to want of notice but held that it was unnecessary to decide the point. The view of the dissenting justices, as expressed at pages 35 to 38, appears to be unequivocal to the effect that the burden of proof to show that the creditor has notice or actual knowledge of the bankruptcy proceedings rests upon the party relying upon the discharge. The decision in *Claflin* v. *Wolff*, 88 N. J. L. 308, goes no further than *Kreitlein* v. *Ferger.*

It follows that in our opinion there was no error in the refusal to rule that the burden was upon the plaintiff to show that he was not notified and had no knowledge of the debtor's proceedings in bankruptcy.

There was no legal inconsistency or reversible error in ruling that the discharge in bankruptcy was on the facts *prima facie* evidence that the plaintiff's claim was scheduled and that the burden of producing some evidence to meet this *prima facie* proof rested upon the plaintiff and at the same time finding in favor of the plaintiff. The plaintiff met the *prima facie* proof made out by the discharge by proof from the record of the bankruptcy court that his debt was not scheduled by the bankrupt. The defendants having failed to show notice to or actual knowledge of the bankruptcy proceedings by the plaintiff, did not sustain the burden of proof resting upon them under their answer to show a discharge in bankruptcy effective as to the plaintiff.

*Exceptions overruled.*