### DIRECTORS OF VERMONT AND MASSACHUSETTS RAILROAD COMPANY, petitioners.

Worcester.   September 27, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Grade Crossing.   Bridge.   Jurisdiction.   Waiver.*

A special commission, appointed under G. L. c. 159, § 61, upon petition of a railroad corporation which already has built a bridge in accordance with a decree of county commissioners, in which the petitioners seek a determination as to "which party shall carry [the decree of the county commissioners] . . . into effect . . . which party shall pay the charges of keeping said bridge or crossing and the approaches thereto in repair, as well as the costs of the application to the county commissioners and hearing before said special commission," has no jurisdiction

or authority to determine that the county shall pay any portion of the expense of the building of the bridge.

Appearance by one of the county commissioners at a hearing by the special commission, appointed in the circumstances above described, and in response to a notice that the commission would hold a hearing to decide whether any part of the cost should be assessed upon the county, and failure on his part to make other than a general objection to any part of the expense being apportioned to the county, where it did not appear that the county ever had consented to the construction of the bridge, could not confer jurisdiction upon the commission and could not effect a waiver of the county's right to object to the commission's lack of jurisdiction.

PETITION, filed in the Superior Court for the county of Worcester on December 18, 1919, seeking the appointment of a special commission "to determine which party shall carry . . . into effect" a decree of the county commissioners of the county of Worcester, filed on August 20, 1918, that public necessity required that alterations, which did not involve the abolition of a crossing at grade, should be made in the crossing of a public way known as Orange Road in Athol with the tracks of the Vermont and Massachusetts Railroad Company at a bridge known as Railroad Bridge No. 122, the alterations being such as to require the rebuilding of the bridge. The petition also prayed that the special commission determine "which party shall pay the charges of keeping said bridge or crossing and the approaches thereto in repair, as well as the costs of the application to the county commissioners and hearings before said special commission."

The commission was appointed, held hearings and filed a report on May 10, 1920. Petitions for revision of the findings of the commission were tried before *Thayer*, J. It appeared that the bridge had been constructed before the filing of the petition for the appointment of the special commission. Material facts and exceptions saved by the county commissioners of the county of Worcester are described in the opinion.

The jury, in answer to special questions, found that the county of Worcester should bear no part of the "cost of maintenance and keeping in repair the wearing surface of said bridge in the future," but should bear $500 of the "cost incurred for the alterations of said bridge." The county commissioners of Worcester County alleged exceptions.

*R. B. Dodge*, (*A. T. Saunders* with him,) for the county commissioners of Worcester County.

*C. M. Thayer,* for the petitioner.

BRALEY, J.  The county commissioners acting under St. 1906, c. 463, Part I, § 23, having on August 20, 1918, determined that public necessity required certain alterations of a grade crossing by the rebuilding of a bridge crossing a public way over which street railway tracks were laid, the petitioners applied to the Superior Court for the appointment of a special commission to decide which party should carry the decree into effect, as well as which party should in the future pay the charges of keeping the bridge and approaches thereto in repair, and the costs of the application to the commissioners.  The court after due notice to all parties interested entered a decree appointing a special commission.

The statute provides that, "The special commission shall meet as soon as may be after its appointment, and, after notice to and a hearing of the parties," shall determine which party shall pay the charges and expenses of making the alterations and future charges for keeping the bridge or crossing and the approaches thereto in repair, and may apportion all such charges, expenses and costs between the railroad company and the railway company having tracks in the way, and the counties, cities or towns where the crossing is situated and other cities and towns which may be specially benefited, make a written report and return it to the court. St. 1906, c. 463, Part I, §§ 26, 25.

The decree of the county commissioners is specific and it is to be specifically performed.  *Roxbury* v. *Boston & Providence Railroad,* 6 Cush. 424, 438.

If all parties interested had entered into an agreement before the commission was appointed, that the bridge should be rebuilt and the alterations made and the entire cost in the first instance paid by the petitioners, the commission would have been charged only with the duty to determine by whom the charges and expenses of rebuilding should be paid, and make therefor the proper apportionment and award.  *Directors of Boston & Maine Railroad, petitioners,* 232 Mass. 171.  *Selectmen of Brookline, petitioners,* 236 Mass. 260.  St. 1906, c. 463, Part I, § 28, is explicit.  The party designated to construct the bridge having carried into effect the decision of the county commissioners may recover in an action of contract of any other party the proportion awarded to be paid by such other party with interest, and if the party so designated un-

reasonably neglects or refuses to carry the decision into effect any other party who is thereby affected may proceed to do it, and may in an action of contract recover from each and all of the others the proportions awarded to be paid by him or them respectively and from the party so neglecting or refusing all charges, expenses and costs occasioned thereby. G. L. c. 159, § 64.

The bridge having been previously built by the petitioners, apparently on their own initiative, the special commission subsequently appointed had no authority to determine by whom the cost should be paid, and its award that the respondent should bear any portion was invalid. It is contended that this defence has been waived. While it could be found that a representative of the respondent appeared in response to a notice that the commission would hold a hearing to decide whether any part of the costs should be assessed upon the county, and made no specific objection that the bridge had already been constructed, but objected generally to any part of the expense being apportioned to the county, his appearance and conduct could not confer jurisdiction to make the award. The county never had consented to the construction of the bridge.

It follows as matter of law that as to this respondent there were no costs, charges and expenses which could be apportioned, or which on appeal could be revised by a jury under St. 1906, c. 463, Part I, § 27, G. L. c. 159, § 63. *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 549. The respondent's second, third and sixth requests, that, "There is no such report and award of the special commission before the jury as warrants any finding by them as to cost or maintenance of the bridge or roadway thereon or approaches thereto against the county of Worcester;" that "Upon all the evidence before the jury no award whatsoever for costs of construction, alterations or maintenance of the bridge described in the petition, the roadbed thereof or the approaches thereto can be made by the jury;" and that "There is no evidence of any waiver on the part of the county commissioners of any matter of defence under the petition in the case," should have been given. The exceptions accordingly must be sustained.

*So ordered.*