## DIRECTORS OF BOSTON AND ALBANY RAILROAD COMPANY, petitioners.

Middlesex.  May 22, 1923. — September 14, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Railroad*, Alteration of crossing by overhead bridge. *Damages*, Apportionment of expenses of alteration of bridge over railroad. *Practice, Civil*, Report of special commission under G. L. c. 159, § 61; Revision by jury of award of special commission under G. L. c. 159, § 63. *Evidence*, Presumptions and burden of proof, Report of special commission under G. L. c. 159, § 61. *Way*, Public. *County. Municipal Corporations. Newton.*

An application by a county under G. L. c. 159, § 63, was for a revision by a jury of " all matters of fact found " in an award by a special commission, appointed under § 61 of that statute, as to a crossing of a street in a city by a bridge over a railroad, and specified for revision " how such charges, expenses and costs shall be apportioned . . . and what portion thereof, if any, shall be borne by the " county, findings that the street was " in no sense a local street for the use of the city and " that it was " used extensively by heavy through traffic," and the specific apportionments among the county, the city and the railroad company.  At the trial, the judge refused a request by the county for a ruling that " The award of the special commission has become of no effect by reason of the appeal therefrom and the jury is to pass upon the issues raised by said appeal as if they had never before been considered; " and instructed the jury that the report of the special commission was *prima facie* evidence of a proper division of the costs, and that " the burden is upon those who seek to revise it, to satisfy you, by the preponderance of the evidence, that that report is wrong." *Held*, that the rulings by the judge were correct.

At the trial by a jury of an application for revision of an award by a special commission appointed under G. L. c. 159, § 61, it must be assumed that the commission properly exercised its powers and that the award by force of the statute would be conclusive unless the applicant for its revision introduced testimony which would warrant the jury in modifying or setting aside the decision of the commission.

Although, by the revised charter of the city of Newton, St. 1897, c. 283, § 14, IV, the board of aldermen were given exclusive power to lay out, locate anew, alter, widen and discontinue town ways, streets and highways, and to order specific repairs or a change, a special commission, appointed under G. L. c. 159, § 61, to apportion the cost of an alteration and the maintenance of a bridge by which a public way, wholly within the city, crossed a railroad, and a jury, applied for by the county under § 63 of the statute to revise findings of the special commission, had jurisdiction to find that the street, " while used largely for local traffic is nevertheless used extensively by heavy through traffic which is in no sense local," and to apportion a part of the cost of the alterations upon the county.

PETITION, filed in the Superior Court on August 8, 1917, under St. 1906, c. 463, Part I, §§ 23, 25, 26, as amended by St. 1908, c. 542, §§ 1, 2, for the appointment of a special commission " to determine which party shall carry such decision into effect and which party shall pay the charges and expenses of making such alterations and the future charges for keeping " a crossing by overhead bridge of Auburn Street in Newton over the railroad of the petitioners " and the approaches thereto in repair, as well as the cost of the application to the county commissioners " relative to such crossing " and of the hearing before said special commission, or to apportion the same between the railroad company, the city of Newton and the county of Middlesex."

A commission was appointed. On October 19, 1921, the report and award described in the opinion were filed.

On October 26, 1921, the county of Middlesex filed under G. L. c. 159, § 63, an application for a jury to revise the award. This application is described in the opinion. The city of Newton also filed such an application. There was a trial before *Flynn*, J. Material rulings by the judge and exceptions by the county of Middlesex are described in the opinion.

The jury found and determined " that the petitioners have carried into effect the decision of the commissioners of the county of Middlesex upon the petition, and have paid the charges and expenses of making the alterations in the Auburn Street bridge, to which the petition relates, amounting to the sum of $46,615.11; . . . that the city of Newton shall pay to the Boston and Albany Railroad Company, petitioner, the sum of $12,000 as its just proportion of the cost of making said alterations and shall maintain the surfacing of the roadway and sidewalks, and shall pay for any repairs or renewals which are at any time made necessary by the presence of the gas main or other pipes; and that with these exceptions the petitioners shall maintain the bridge . . . that the county of Middlesex shall pay to the . . . petitioners the sum of $3,000 as its just proportion of the cost of making said alterations. And, it appearing by agreement of counsel representing all parties, made in open court,

that the petition for the revision of the order of the special commission fixing the costs of the hearing before the special commission, is waived, no verdict is returned thereon."

The case was submitted on briefs.

*G. L. Mayberry, L. A. Mayberry & W. F. Levis,* for the county of Middlesex.

*R. A. Stewart & R. C. Curtis,* for the petitioners.

BRALEY, J.    The railroad corporation, acting under St. 1906, c. 463, Part I, §§ 23–27, as amended by St. 1908, c. 542, now G. L. c. 159, §§ 59–64, represented to the commissioners of the county of Middlesex, hereinafter referred to as the county, that public convenience and necessity required that an alteration should be made in Auburn Street bridge and its approaches in the city of Newton, which crossed over the railroad as described in the record.    The commissioners after due notice and hearing all parties interested determined that an alteration was necessary and prescribed by their decree the mode and limits within which it should be made and certified their decision to the parties, who agreed that the railroad corporation should do the work without prejudice to its rights to apply for the appointment of a special commission to apportion the cost of the alteration and maintenance of the bridge, and " the expenses of the hearings."    The decision of the commissioners, it must be assumed, rested on satisfactory evidence, and the court properly ruled that the county could not introduce evidence of what took place at the hearing or hearings which preceded the decision or order.    The question, whether an alteration should be made and the manner in which it should be accomplished had been settled by the commissioners and were not in issue at the trial.    *Boston & Lowell Railroad* v. *Winchester,* 156 Mass. 217, 220.    *Boston & Albany Railroad* v. *County Commissioners,* 164 Mass. 551, 553, 554.    *Directors of Vermont & Massachusetts Railroad, petitioners,* 242 Mass. 590, 592.

The work having been completed, the directors applied for the appointment of a special commission to determine whether the railroad or the city or the county should pay the cost and future expense for the maintenance of the crossing

and keeping the approaches in repair as well as the costs of the application to the county commissioners and of the hearing before the special commission, or whether the charges, expenses and costs should be apportioned between the county, the city and the railroad. St. 1906, c. 463, Part I, § 25. A special commission accordingly was appointed, which, after hearing the parties, returned their award to the court, from which it appears, that the total cost of $46,615.11 was apportioned as follows: Boston and Albany Railroad Company $31,615.11, city of Newton $10,000, county of Middlesex $5,000. The county, under § 27, seasonably applied for a jury to revise and determine "all matters of fact found" in the award, "and also specifically to revise and determine how such charges, expenses and costs shall be apportioned . . . and what portion thereof, if any, shall be borne by the county of Middlesex; and also specifically to revise and determine the findings that Auburn Street is in no sense a local street for the use of the city of Newton, that said street is used extensively by heavy through traffic, that the county of Middlesex should pay the sum of $5,000 toward the cost of this alteration, that the Boston and Albany Railroad Company should bear $31,615.11 of the expense of making the alteration, that the city of Newton should bear $10,000 of the said expense, that the county of Middlesex should bear one sixth of the costs of the hearings before the commission, . . . that the county . . . should pay to the . . . railroad company the sum of $5,133.33, and that the county . . . should pay to the railroad company $5,000 as its share of the expense of said alterations."

The city also applied for a jury. But as it took no exceptions to any of the rulings at the trial, the grounds on which its application rested need not be reviewed.

The first contention of the county is that the judge erroneously instructed the jury that the report of the special commission is *prima facie* evidence of a proper division of the costs, and "the burden is upon those who seek to revise it, to satisfy you, by the preponderance of the evidence, that that report is wrong," and also wrongly refused to give

the respondent's eleventh request, that " the award of the special commission has become of no effect by reason of the appeal therefrom and the jury is to pass upon the issues raised by said appeal as if they had never before been considered." A majority of the court are of opinion that the rulings were correct. Under St. 1906, c. 463, Part I, § 26, the special commission after notice to, and a hearing of the parties shall make its award in writing, and return the same into the court by which it was appointed, and § 27 provides that a party aggrieved by the award may within fourteen days apply to the court after the award has been returned " for a jury to revise and determine any matter of fact found therein; and thereupon the court, after notice to all parties interested, shall order a trial by jury in the same manner as civil cases are tried by jury." The commission is directed by the statute to make an " award." It is their judgment or decision on the matters submitted to them, as well as the written document which is returned to the court. By § 27, the decree of the court " upon said award or upon the verdict of a jury shall be final and binding, and said court shall have jurisdiction in equity to enforce compliance therewith," and also issue and enforce such interlocutory decrees and orders as justice may require. By § 28, " The party designated for that duty, having carried into effect the decision of the county commissioners, may, in an action of contract, recover of any other party the proportion awarded to be paid by such other party, with interest; and if the party so designated unreasonably neglects or refuses to carry the decision into effect, any other party who is affected by such neglect or refusal may proceed to do it, and may, in an action of contract, recover from each or all of the others the proportion awarded to be paid by him or them, respectively, and from the party so neglecting or refusing, all charges, expenses and costs occasioned thereby." The jury were empowered to revise the award only on allegations of fact in the application of the respondent, and on the present record the burden of showing that it ought to be changed rested upon the county which had applied for a revision. *Boston & Lowell Railroad* v. *Winchester*, 156

Mass. 217, 218, 220. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536. *Smith* v. *Hill,* 232 Mass. 188. It must be assumed that the commission properly exercised its powers and that the award by force of the statute would be conclusive unless the county introduced testimony which would warrant the jury in modifying or setting aside the decision of the commission. *Snow* v. *Fitchburg,* 136 Mass. 179. *Carroll* v. *Boston Elevated Railway, supra. Smith* v. *Hill, supra. Directors of Boston & Albany Railroad, petitioners,* 242 Mass. 455.

It is further urged that, Auburn Street being a public street entirely within the confines of the city, the municipality is solely responsible for the care and maintenance of the street, and as the county derives no benefit from the alteration it should not be required to pay any part of the expense of the construction and maintenance of the bridge. While by St. 1897, c. 283, § 14, IV, which is the revised charter of the city, the board of aldermen are given exclusive power to lay out, locate anew, alter, widen and discontinue town ways, streets and highways, and to order specific repairs or a change, the bridge formed part of the public ways over which all the inhabitants of the Commonwealth could lawfully travel, and for whose use Auburn Street, which was a highway, must be maintained in a reasonably safe condition. *Stone* v. *Bean,* 15 Gray, 42, 44. *Dickinson* v. *Boston,* 188 Mass. 595. And the statute expressly provides that where a bridge is rebuilt as in the case at bar the county is to be made a party to the petition to the county commissioners, and to the application for a special commission. St. 1906, c. 463, Part 1, §§ 23–27. The charter cannot be construed as overriding the statute relating to alterations of crossings, and the question whether the county should bear any part of the cost must be left where the Legislature has left it, to the special commission; or if a jury trial is asked, " to the good sense and sound discretion of the jury itself." *Boston & Lowell Railroad* v. *Winchester,* 156 Mass. 217, 220. The commission finds, and the jury could accept the findings as true, " that Auburn Street, while used largely for local traffic is nevertheless used extensively by heavy

through traffic which is in no sense local." They could further find as stated by the commission, " that the traffic existing upon the highway known as Auburn Street required the construction of a bridge capable of carrying a load of twenty tons, which is the capacity of the bridge under discussion," and " that a new bridge is required principally because of the heavier traffic which now uses the highway." The county moreover must contribute for any benefit received for reasons recently pointed out in *Selectmen of Brookline, petitioners*, 236 Mass. 260, 273, 274. The benefit respectively received by the parties was the same in kind although it might be found to differ materially in degree. *Selectmen of Norwood* v. *New York & New England Railroad*, 161 Mass. 259, 264.

We discover no error in the rulings complained of, and the exceptions must be overruled.

*So ordered.*